GREELEY v. THE PROVIDENT SAVINGS BANK *et al.;* SEXTON, *Collector, Appellant.*

**Assets in Hands of Receiver:** CLAIM OF STATE FOR TAXES PARAMOUNT. The state has a right paramount to other creditors to be paid taxes due it from assets in the hands of a receiver, and the court should see that such taxes are paid before distribution to other creditors, although the demand was not presented by the collector within the time prescribed by the court for the presentation of claims.

*Appeal from St. Louis City Circuit Court.*—HON. GEO. W. LUBKE, Judge.

REVERSED AND REMANDED.

*Leverett Bell* for appellant.

Under the facts and the law of this case, the collector of taxes of St. Louis was entitled to the order

prayed for, directing the receiver of the Provident Savings Bank, to pay the tax bill for 1886. R. S. 1879, secs. 6716, 6751, 6754; Laws of 1881, p. 180; *State v. Rowse*, 49 Mo. 586; *Trust Co. v. Railroad*, 117 U. S. 434; *Trust Co. v. Railroad*, 13 Cent. Rep. 404.

*Boyle, Adams & McKeighan* for respondent.

(1) The demand of the collector was for personal taxes (not taxes on real estate, as to which different rules apply) and therefore is subject to the general policy of the state in respect to limitation of personal actions. The maxim *nullum tempus occurrit regi* does not apply and cannot be invoked as determinative of general policy. R. S. 1879, sec. 3253. (2) The taxes sued for in this action were assessed against personal property only. And for the payment of these taxes the state had no statutory lien. R. S. 1879, sec. 6754; *State v. Goodnow*, 80 Mo. 271-5; *Carondelet v. Picot*, 38 Mo. 125.

BRACE, J.—In an action in the St. Louis circuit court, wherein Carlos S. Greeley is plaintiff and the Provident Savings Bank *et al.* are defendants, respondent W. H. Thompson was appointed receiver of the assets and property of said bank. On the fifth of January, 1887, the appellant, collector of taxes, intervened in said cause by petition, setting forth that he held a tax bill for the year 1886, against the personal property of the Provident Savings Bank amounting in the aggregate to the sum of $2,918.22, and praying the court to make an order requiring the receiver to pay the same. On the seventh of October, 1886, the court had made an order requiring all persons having demands against the assets in the hands of the receiver to intervene on or before the first day of the December term, 1886, otherwise their claims would be forever barred. The court refused to make the order for the payment of

the taxes on the ground that the collector failed to intervene with his demand within the time prescribed by said order of October 7.

The amount of the taxes was undisputed, and the receiver had in his hands funds sufficient to pay them, and we think the order should have been made. It may be conceded that the state did not have an express lien upon the assets that went into the hands of the receiver, but it had a right paramount to other creditors to be paid out of those assets (Acts, 1881, p. 180, sec. 7; *Ib.* p. 35; *State to use v. Rowse,* 49 Mo. 586), a right which it could have enforced through its revenue officers by the summary process of distress (R. S. 1879, sec. 6754) but for the fact that the property and assets of its debtor had passed into the custody of its courts; whose duty it was in the administration and distribution of those assets to respect that paramount right, upon the untrammelled exercise of which, depends the power to protect the very fund being distributed, and to maintain the existence of the tribunal engaged in distributing it; and to make no order for the distribution of assets *in custodia legis* except in subordination to that right. The ordinary revenue officers of the state being deprived of the ordinary means of securing the state's revenue from the fund in the custody of the court, the duty devolved upon the court to be satisfied, and upon the receiver to see, that the taxes due the state were paid before the estate was distributed to other creditors and we can conceive of no scheme of administration that the court could properly adopt by which the state's demand could be reduced to the level of an ordinary debt, and be cut off unless presented to the court for allowance within a given time.

The judgment of the circuit court dismissing the appellant's petition is reversed, and the cause remanded with directions to the circuit court to make the order in said petition prayed for. All concur.