CHARLES E. WISWALL

*v.*

JOHN A. KUNZ.

*Opinion filed April 21, 1898.*

1. TAXES—*property held by a receiver is subject to taxation.* Property held by a receiver is subject to taxation, and the fact that the tax is assessed to the party for whom the receiver holds possession, instead of to the receiver, does not affect its validity.

2. SAME—*tax on property held by receiver is an expense of receivership.* A tax on property held by a receiver may properly be regarded as part of the expenses of the receivership, and the court appointing the receiver may allow the amount of such tax and order it paid in full, though the tax is assessed to the party for whom the receiver holds possession, instead of to the receiver.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

JOHN J. MCCLELLAN, and CHARLES C. SPENCER, for appellant.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

On the 30th of September, 1895, Benjamin F. Cummins was appointed receiver of all the property and effects of C. E. Wiswall & Co., incorporated. A tax on personal property for the year 1896 was assessed against C. E. Wiswall & Co., and not against the receiver. In the case in which the receiver was appointed, on February 4, 1897, the appellee intervened, and filed a petition alleging that a tax was assessed on the property of C. E. Wiswall & Co. for the year 1896, in the sum of $423.90, and praying for an order on the receiver to pay the same. The receiver, and Charles E. Wiswall, appellant here, answered the petition. On hearing, the prayer of the petition was granted and an order entered directing the receiver to pay the taxes. From that order the

appellant, who was the owner of $32,500 of the capital stock of C. E. Wiswall & Co., prosecutes this appeal, and insists that to entitle the appellee to this order he must show that the receiver had sufficient funds in his hands to pay the taxes in question, and that the levy of a tax against C. E. Wiswall & Co. at the time this personal property was in the hands of a receiver did not amount to a levy on this property that would cause a liability on the part of the receiver for the taxes, and further insists that a tax against C. E. Wiswall & Co. is not, in and of itself, a levy of a tax on property in the hands of a receiver.

The property in the hands of the receiver was the property which formerly belonged to C. E. Wiswall & Co. A receiver is a person appointed by the court as an officer of the court, whose function it is to hold possession and control of property which is the subject matter of litigation, and to dispose of the same or deliver it to such person or persons as may be directed by the court. Ordinarily he is a person who is indifferent as between the parties to the cause, and who is to hold possession of the property or funds in litigation *pendente lite* when it does not seem reasonable to the court that either party should hold it. He is not the owner of the property so in his possession. Property held by a receiver is liable to assessment for taxation. Whilst it should be assessed to the receiver, yet the fact that it is assessed in the name of the party for whom the receiver holds possession does not affect the validity of the tax, and it is within the power of the court appointing the receiver to allow the amount of the tax as a claim against the receiver, and order the same paid by him to the tax collector. The taxes upon this property in the hands of the receiver, assessed after his appointment, may properly be regarded as part of the costs and expenses of the receivership, and may be ordered paid in full as other costs and expenses. The fact that there is no averment or proof that there

were sufficient funds in the hands of the receiver to pay the tax in question is not an omission of any fact of which this appellant has a right to complain.

The judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*