## COY v. TITLE GUARANTEE & TRUST CO. et al.

### (District Court, D. Oregon. March 23, 1914.)

### No. 3209.

1. CORPORATIONS (§ 559*)—INSOLVENCY—RECEIVERS—APPOINTMENT—EFFECT.

The appointment of a receiver for a corporation does not destroy its entity as such, but it still retains its corporate power, at least, to wind up its business.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2241–2252, 2259; Dec. Dig. § 559.*]

2. TAXATION (§ 124½*) — PROPERTY SUBJECT — PROPERTY IN HANDS OF RECEIVER.

Since a receiver appointed for the property of a corporation is but an arm of the court in the management of the corporation's property, whether as a going concern or in process of dissolution, the court holds the property subject to the burdens and limitations to which it was subject in the hands of the corporation, and hence the fact of receivership did not relieve the property from taxation.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 224–226, 240–242, 260–263, 272; Dec. Dig. § 124½.*]

3. TAXATION (§ 337*)—ASSESSMENT—PROPERTY IN HANDS OF RECEIVER.

Where the property of a corporation was in the hands of a receiver, it was not material to the validity of the assessments thereon whether it was assessed to the corporation or to the receiver

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 571–578, 704–706; Dec. Dig. § 337.*]

4. TAXATION (§§ 508, 572*)—NATURE OF TAX—RECOVERY.

Under the Oregon system for the collection of taxes, a tax does not become a debt, and is not recoverable in an action at law, nor is it a lien on personal property until a warrant is levied.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 942, 1132–1137; Dec. Dig. §§ 508, 572.*]

5. TAXATION (§ 572*)—PROPERTY IN HANDS OF RECEIVER—ASSESSMENT—RECOVERY OF TAXES.

Where property of a corporation in the hands of a receiver is assessed, the taxes can be collected only by application of the proper officer to the court for an order requiring the receiver to pay the taxes.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1132–1137; Dec. Dig. § 572.*]

6. TAXATION (§ 337*)—PROPERTY OF CORPORATION—RECEIVERSHIP—ASSESSMENT—CONSENT OF COURT.

Since the assessment of taxes on property in the hands of a receiver does not involve an invasion of the possession of the receiver, it may be made without leave of the court having jurisdiction of the proceedings.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 571–578, 704–706; Dec. Dig. § 337.*]

7. TAXATION (§ 840*)—PROPERTY IN HANDS OF RECEIVER—ASSESSMENT—RECOVERY OF TAXES—PENALTIES AND INTEREST.

L. O. L. Or. § 3682, provides that taxes shall be payable on the first Monday of April of each year, except that, if half are paid by March 15th, the remaining half may be paid on or before the first Monday in October; but that, if the remaining half is not then paid, the taxpayer shall be subject to a penalty of 10 per cent. on the amount of taxes remaining due, and also to the payment of 12 per cent. interest thereon from the first Monday in April until paid. Section 3683 makes it the duty of the collector on the first Monday of May in each year to collect

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

all taxes levied, whereof one-half was not paid on or before the first Monday in April, and also to collect all taxes that might remain unpaid by the first Monday in October, together with the penalty of 10 per cent. and the interest at 12 per cent. per annum. *Held*, that the 12 per cent. interest was in fact a penalty, and that, where taxes were assessed against the property of a corporation in the hands of a receiver, it was the duty of the collector to apply immediately after the first Monday in May of each year for an order requiring the receiver to pay the taxes, and, not having done so, he would not be permitted to recover against the receiver more than the taxes, the 10 per cent. penalty, and the interest at 12 per cent. which had accrued for the time intervening from the first Monday in April until the first Monday in May of each year.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1656; Dec. Dig. § 840.*]

In Equity. Suit by N. Coy against the Title Guarantee & Trust Company, a corporation, and others. Petitions in intervention by Multnomah County for an order requiring the receiver to pay state and municipal taxes assessed against the corporation on personal property for the years 1908 to 1911, inclusive, with penalties and interest. Petitions granted in part.

See, also, 198 Fed. 275.

W. C. Bristol, of Portland, Or., for receiver.

Walter H. Evans, Dist. Atty., of Portland, Or., for Multnomah County.

Emmons & Webster, of Portland, Or., for petitioners.

WOLVERTON, District Judge. Two petitions in intervention have been filed in the above matter by Multnomah county, praying that the receiver be required to pay the state, county, school, and municipal taxes assessed against the Title Guarantee & Trust Company, on certain personal property, for the years 1908 to 1911, inclusive, with penalties and interest.

A receiver was appointed for the Title Guarantee & Trust Company by this court on November 6, 1907, and the taxes which it is sought to have paid were assessed against the company a part of the time in its name alone and a part of the time in the name of the company, R. S. Howard, Jr., receiver. The receiver resists payment on several grounds. First, it is urged that the law has made no provision for the assessment of receivers, and, having made none, they are not taxable as such.

As it respects assessment and taxation, the statute of Oregon has made all property, whether real or personal, subject thereto. Section 3551, Lord's Oregon Laws. By section 3560 it is required that every person shall be assessed as to his personal property, whether owned by him or under his control as trustee, guardian, executor, or administrator, in the county in which he resides. Section 3563 provides that personal property of every private corporation is liable to taxation in the same manner as the personal property of a natural person, and shall be assessed in the name of such corporation, in the county where its principal place of business is, unless otherwise specially provided by law. The manner of assessment is provided by section 3593, which

requires the assessor to set down on his roll, first, the names of all persons assessable in his county, and, among others, the taxable personal property owned by or to be taxed to such person. These are the principal provisions of the statute which in any way affect the present controversy, and it is clear that ample provision is made thereby for the assessment of a corporation. But it is urged that:

"We are dealing with property here represented by a court through its receiver, and there is no method of assessment provided for corporate property."

[1] The appointment of a receiver by a court does not destroy the entity of the corporation. It yet remains with corporate power, at least for the purpose of winding up the business of the concern, for it is corporation business always that the receiver transacts.

[2] All property being taxable, and corporations being liable to taxation, it is inconceivable that a suit in chancery and the appointment of a receiver by operation of law withdraws the corporate property from the power of assessment and taxation. Nor was it necessary that the receiver should, eo nomine, be designated as a person subject to assessment and taxation. He is but an arm of the court in the management of the corporation property, whether it be as a going concern or in process of dissolution, and the court holds the property subject to all the burdens and limitations to which the corporation itself was subject under the law, and one of these is the liability to taxation as a natural person. I am clear that a receivership does not withdraw the corporation from that liability. As is said by Mr. Chief Justice Fuller:

"Undoubtedly property so situated (in custodia legis) is not thereby rendered exempt from the imposition of taxes by the government within whose jurisdiction the property is, and the lien for taxes is superior to all other liens whatsoever, except judicial costs, when the property is rightfully in the custody of the law." In re Tyler, 149 U. S. 164, 182, 13 Sup. Ct. 785, 790 (37 L. Ed. 689).

And it has been held that property in the hands of a receiver is properly assessable as the property of the corporation. Stevens v. New York & O. M. R. Co., Fed. Cas. No. 13,405.

[3] Nor is it important to whom the assessment is made, whether to the corporation or to the receiver. It is not vital to the validity of the tax. Wiswall v. Kunz, 173 Ill. 110, 50 N. E. 184.

[4] Under the system for tax collections within this state, a tax does not become a debt, and an action at law does not lie for its recovery. Nor is the tax upon personal property made a lien thereon, nor does any lien attach until a warrant is levied, and it may happen, as where the property of the person taxed is taken into another state or disposed of, that the tax collector will be left remediless in forcing collections. Marion County v. Woodburn Mercantile Co., 60 Or. 367, 119 Pac. 487, 41 L. R. A. (N. S.) 730.

[5] But, where property remains within the jurisdiction and within the hands of the person taxed, there is no impediment to the enforcement of the payment of the personalty tax assessed against him.

It is beyond question at this date that, when a court has appointed a receiver, his possession is the possession of the court for the benefit of

the parties to the suit and all concerned, and cannot be disturbed without proper leave of the court. In re Tyler, supra; Barton v. Barbour, 104 U. S. 126, 26 L. Ed. 672; Krippendorf v. Hyde, 110 U. S. 276, 4 Sup. Ct. 27, 28 L. Ed. 145.

Property so held may be said to be in equitable sequestration to answer the purposes of the receivership, and, if it is sought to enforce an equitable lien or other demand which is a rightful charge against the property, it must be done by leave and under the sanction of the court so having the possession. The levy of a tax warrant is a sequestration, like the levy of an ordinary fieri facias. Hence such levy could not in any greater degree be permitted to disturb the court's possession without its explicit sanction previously procured. Ex parte Huidekoper et al. (C. C.) 55 Fed. 709; Oakes v. Myers (C. C.) 68 Fed. 807; Ledoux v. La Bee (C. C.) 83 Fed. 761.

[6] In the present case there has been no attempt to levy a warrant, but it is urged, going back of the warrant, that there was no authority for the assessor, the property being in custodia legis, to assess the property, or for the proper officers to levy the tax, without leave of the court, and that the tax therefore is without validity, and should not be ordered paid out of the estate.

Seeing that property in the hands of a receiver is subject to assessment and taxation, I am of the opinion that the assessment and levy of the tax, since an invasion of the possession of the receiver is unnecessary to effect the purpose, is regular and valid. Being so, it is the duty of the court to require payment of the taxes levied, if there be funds in the hands of the receiver applicable thereto. It was so held by the Supreme Court of Missouri, where, as in this state, a personalty tax was not a lien upon the property taxed, and where also, as here, the state has the right to payment out of the assets paramount to other creditors. Greeley v. Provident Savings Bank et al., 98 Mo. 458, 11 S. W. 980.

"Having such paramount right," says the court in Central Trust Co. v. N. Y. C. & N. R. R. Co., 110 N. Y. 250, 257, 18 N. E. 92, 95 (1 L. R. A. 260), "the court may, in its discretion, listen to the petition of the state, through its Attorney General, and direct its officer to make the payment asked for."

Indeed, the court may not only do so, but there is an imperative duty incumbent upon it to take cognizance of the laws of the state relative to assessment and taxation, and to require of its receivers payment of such taxes as are just and regularly levied, out of any assets they may have in their hands applicable thereto. See In re Tyler, supra, and George et al. v. St. Louis Cable & W. Ry. Co. (C. C.) 44 Fed. 117, 119.

This renders it clear that taxes levied upon the personalty of the corporation for the years 1908, 1909, 1910, and 1911 should be discharged, and equally clear that the court should direct the receiver to pay them.

[7] But it is further urged that the receiver should not be required to pay the penalty and interest, notwithstanding the taxes have been long delinquent. Of this we may now inquire.

Taxes under the statute governing, as it relates to the collection of

these now in controversy, were made payable on the first Monday of April of each year, with the provision that, if one-half of such taxes were paid by the 15th day of March, the time of payment for the remaining one-half should be extended until the first Monday of October. It is further provided, however, that, should the remaining half not be paid on the first Monday of October, the taxpayer should be subject to a penalty of 10 per cent. on the amount of the taxes remaining due, and also be subject to the payment of 12 per cent. interest thereon from the first Monday in April until paid. Section 3682, Lord's Oregon Laws. By the following section it is made the duty of the tax collector immediately, on the first Monday of May in each year, to proceed to collect all taxes levied whereof one-half was not paid on or before the first Monday of April. And so also to collect all taxes that might remain unpaid by the first Monday of October, together with the penalty of 10 per cent. and the interest thereon at 12 per cent. per annum.

It will be seen that a direct penalty is imposed for nonpayment of taxes when due, but there is a further burden imposed upon the taxpayer to pay interest at the rate of 12 per cent. per annum. This interest is double the legal rate of interest otherwise fixed by statute, and is above the rate which parties may charge by express agreement. While the statute calls it interest, it is very obvious that it operates as a penalty, and I am impelled to the conclusion that the exaction of the 10 per cent. and the 12 per cent. called interest must each be regarded as in effect a penalty for the nonpayment of taxes when due.

Now, in the case at bar, the taxing officers were early advised that the receiver would resist the payment of taxes assessed against personal property within his hands. This before any of the taxes in question were levied. While it may be the duty of the receiver to pay the taxes legitimately due, or to apply to the court for authority to do so, yet when a question has arisen touching the validity of the tax, and the taxing officers are advised of that fact, the duty is all the more incumbent upon the tax collector to proceed promptly in the proper way to require the payment of such tax. Under present conditions, there was no way for the tax collector to proceed other than to apply to the court for an order requiring the payment by the receiver. In such procedure the legality of the tax could well be determined, and, if found proper, the order for payment would reasonably follow.

But the tax collector was not required to enforce collection until after the taxes became delinquent. He should have proceeded immediately, however, on the first Monday in May of each year. At this time the penalty of 10 per cent. had been incurred, and the interest at 12 per cent. had accrued for the time intervening from the first Monday in April. If prompt application had been made to the court, further penalty would not have been visited upon the receiver. I think this should have been done, and the tax collector should not have waited one, two, three, and four years before attempting to enforce the tax in the only way in which it could be done. For this reason, I am not inclined to burden the estate with the accruing interest from and after the first Monday in May each year as it relates to the taxes for the several years involved. This conclusion is sustained by the prin-

ciple announced in the cases of County Com'rs of Prince George's Co., etc., v. Clarke & Berry, 36 Md. 206, and Blakistone v. State, 117 Md. 237, 83 Atl. 151.

The receiver will therefore be directed to pay the state, county, school, and municipal taxes for the years 1908, 1909, 1910, and 1911, together with the penalty of 10 per cent. on the amount of the tax for each year, and the interest of 12 per cent. accruing between the first Monday in April and the first Monday in May; and such will be the order of the court.