COY v. TITLE GUARANTEE & TRUST CO. et al. (MULTNOMAH COUNTY, OR., et al., Interveners).

(Circuit Court of Appeals, Ninth Circuit. February 1, 1915. Rehearing Denied March 8, 1915.)

No. 2455.

1. TAXATION &⊸87—PROPERTY SUBJECT—PROPERTY IN CUSTODIA LEGIS.

The taking of property of a corporation into the hands of the court through a receiver does not withdraw it from taxation.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 177; Dec. Dig. &⊸87.]

2. TAXATION &⊸87—PROPERTY TAXABLE—PROPERTY IN HANDS OF RECEIVER.

Property in the hands of a receiver is subject to state and municipal taxation, whether under the laws of the government assessing the tax it

&⊸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

is a lien or a debt; it being nevertheless enforceable in receivership proceedings as a preferred and paramount claim.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 177; Dec. Dig ☞87.]

Appeal from the District Court of the United States for the District of Oregon; Chas. E. Wolverton, Judge.

Suit by N. Coy against the Title Guarantee & Trust Company, a corporation, and others, in which Multnomah County, Or., and others, intervened. From an order (212 Fed. 520) allowing a claim for taxes assessed against the corporation's property while in the hands of R. S. Howard, Jr., receiver, said receiver appeals. Affirmed.

William C. Bristol, of Portland, Or., for appellant.

Walter H. Evans, Dist. Atty. for Fourth Judicial District of Oregon, Robert F. Maguire, Deputy Dist. Atty., and Emmons & Webster, all of Portland, Or., for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. This suit was originally brought in the Circuit Court for the District of Oregon, in which that court on the 6th day of November, 1907, appointed a receiver of all of the property of the Title Guarantee & Trust Company, who duly qualified and took possession of its property as the officer of the court, and which receivership, it appears, has continued ever since—having passed to the District Court under the new Judicial Code.

The present appeal grows out of certain intervention proceedings which took place in the court below for the recovery of certain state, county, city, and school taxes alleged to have been levied upon certain personal property of the insolvent corporation in the possession of the receiver, for the years 1908, 1909, 1910, and 1911, with certain penalties and interest added thereto for delinquency—one of the petitions in intervention being filed by the county of Multnomah, of the state of Oregon, in which the taxes alleged to have been levied and due are alleged to be "a first and prior lien and claim" upon all of the property in the hands of the receiver; and in the other petition, which was filed on behalf of the state of Oregon, the county of Multnomah, and the city of Portland thereof, it was alleged that the corporation mentioned "is indebted" to those interveners on account of taxes upon personal property of the insolvent corporation, with penalties and interest, in certain specified amounts for the years 1908, 1909, 1910, and 1911. Both petitions prayed an order of the court directing the receiver to pay the amounts so claimed. The receiver contested the petitions in the court below, in which the decision was against him, and from the final order of the court directing the payments he brings the present appeal.

The answers of the receiver to the petitions in intervention denied that either intervener ever had any lien or preferred claim of any nature upon any of the property of the Title Guarantee & Trust Company in the hands of the receiver, or that any "indebtedness" existed by reason of the alleged assessments, and set up in defense, among other things:

That "as matter of law, on and after the 6th day of November, 1907, no property or funds or assets of the Title Guarantee & Trust Company were assessed as such to the Title Guarantee & Trust Company; that the same were on that date, and ever since have been, and are now, in custodia legis; and that the Title Guarantee & Trust Company, under a bill of complaint in this court, was then in liquidation and being wound up."

The appellant's counsel thus states "the single important and pertinent question" presented by the appeal:

"Whether under the laws of the state of Oregon, prior to the amendment of 1913, a personal property tax assessment in the name of a defunct corporation, through merely placing its name upon the tax roll, after it had ceased business, and after all of its property of every kind had been surrendered to its creditors, and while said property was being administered and distributed through and by a court and receiver, can be made and enforced, with penalties and interest, after several years' delay, by an intervention in the receivership cause, prosecuted by the authorities as a preferred lien or claim, or by indebitatus assumpsit, when the laws of the state at the time of intervention do not provide for such cases, and the Supreme Court of the state has expressly denied such a tax to be either a lien or a debt, and declared equity courts without power to render judgment therefor."

We regard it as wholly unimportant that under the laws of Oregon taxes levied upon personal property do not constitute a lien thereon, nor a "debt." The statutes of that state do declare the personal property of every individual liable to taxation, and that like property of every private corporation is likewise liable, and shall be assessed in the name of such corporation in the county where its principal place of business is, unless otherwise specially provided by law, and require, among other things, the assessor to put down on his roll the names of all persons assessable in his county, and among other property the personal property owned by or taxable to such person. Lord's Oregon Laws, §§ 3560, 3563, 3593.

[1, 2] It is too clear for argument that the appointment of a receiver and the taking of property into the hands of the court through its officer does not withdraw it from taxation. It remains subject to assessment and to the payment of all legal taxes thereon while in custodia legis, to the same extent as it was while in the possession of the owner. And whether or not such taxes be a lien or a debt by the laws of the government within whose jurisdiction the property is situated, such taxes are and should be regarded by the courts as a preferred and paramount claim over all other claims, for they are essential to the existence and maintenance of the very government under which the property is acquired and protected.

"A court," says Cooley on Taxation (3d Ed.) vol. 2, p. 834, "having in its charge or under its control a fund or other property upon which taxes are due, will, as the representative of the sovereignty, direct them to be paid without raising any question of the means of enforcement by process, and before all other claims except judicial costs. Thus upon proper application and suitable proof a receiver will be ordered to satisfy a tax assessed against the property in his hands, and a like direction will be made in other cases where funds are held subject to the authority of the court."

In High on Receivers (4th Ed.) § 881a, it is said:

"Taxes levied upon personal property in the hands of a receiver become a charge upon the estate, and are properly payable by the receiver as a part of the costs and expenses of the administration of the trust. And the fact that

the taxes are assessed in the name of the insolvent, over whom the receiver is appointed, rather than in the name of the receiver, constitutes no objection against the validity of the tax, nor will it avail against the tax that there is no averment or proof that there are sufficient funds in the hands of the receiver to pay the tax in question."

See, also, High on Receivers (4th Ed.) § 140a; 34 Cyc. 346; In re Tyler, 149 U. S. 164, 13 Sup. Ct. 785, 37 L. Ed. 689; First National Bank v. Ewing, 103 Fed. 195, 43 C. C. A. 150; George et al. v. St. Louis Cable & W. Ry., Co. (C. C.) 44 Fed. 117; Greeley v. Provident Savings Bank, 98 Mo. 458, 11 S. W. 980; Wiswall v. Kunz, 173 Ill. 110, 50 N. E. 184.

The case of United States v. Whitridge, 231 U. S. 144, at pages 148, 149, 34 Sup. Ct. 24, 25, 26 (58 L. Ed. 159), so much relied upon by the appellant, is not at all in point. That case did not involve any tax upon any property of any character, but was a proceeding to recover from the receiver of an insolvent corporation the corporation tax provided for by the Corporation Tax Law of 1909, which law, as stated by the Supreme Court, imposed an excise or privilege tax, and was not in any sense a tax upon property or upon income merely as income—the court saying:

"A reference to the language of the act is sufficient to show that it does not in terms impose a tax upon corporate property or franchises as such, nor upon the income arising from the conduct of business, unless it be carried on by the corporation. Nor does it in terms impose any duty upon the receivers of corporations, or of corporate property, with respect to paying taxes upon the income arising from their management of the corporate assets, or with respect to making any return of such income. And we are unable to perceive that such receivers are within the spirit and purpose of the act, any more than they are within its letter. True, they may hold, for the time, all the franchises and property of the corporation, excepting its primary franchise of corporate existence. In the present cases, the receivers were authorized and required to manage and operate the railroads and to discharge the public obligations of the corporations in this behalf. But they did this as officers of the court, and subject to the orders of the court, not as officers of the respective corporations, nor with the advantages that inhere in corporate organization as such. The possession and control of the receivers constituted, on the contrary, an ouster of corporate management and control, with the accompanying advantages and privileges."

We also agree with the court below in its ruling in respect to the penalties and interest, for the reasons stated in its opinion at page 524, 212 Fed.

The judgment is affirmed.