(No. 13959.—Decree affirmed.)

NATHAN BOND, Receiver, Appellant, *vs.* JOHN R. MOORE, County Clerk, *et al.* Appellees.

*Opinion filed October 22, 1921—Rehearing denied Dec. 8, 1921.*

1. TAXES—*property of insolvent firm is properly assessed to the receiver.* It is the duty of the receiver of an insolvent firm to list all property in his hands as receiver and subject to taxation although he is not the actual owner, and the property, if taxable, is properly assessed to him as receiver.

2. SAME—*funds of insolvent private bank in hands of receiver are taxable as "money on hand."* The funds of an insolvent private bank in the hands of a receiver and on deposit in another bank are taxable, under section 30 of the Revenue act, as "money on hand" and not as credits, and in assessing such money the receiver is entitled to no deduction for amounts owed depositors, but an assessment of such funds by the board of review as "moneys other than those of bank, banker, broker or stock-jobber" does not invalidate the tax.

3. SAME—*insolvency does not affect insolvent's property in matter of taxation.* Insolvency does not change the character of the

fund or property in the hands of the insolvent in the matter of taxation, and the fact that a private bank is insolvent does not relieve its funds from taxation under the provisions of section 30 of the Revenue act.

4. SAME—*complainant seeking to enjoin collection of tax has the burden of proof.* A complainant who seeks to enjoin the collection of a tax on the ground that the property assessed is not taxable under any designation has the burden of proof.

5. SAME—*funds of insolvent bank awaiting distribution by receiver should not be taxed in names of depositors.* The funds of an insolvent bank in the hands of a receiver and awaiting distribution by him is not the money of the depositors in the sense that it should be taxed in their names where the *pro rata* shares of the depositors is not ascertained, but the money should be assessed to the receiver as receiver, without regard to the question whether or not it is the duty of depositors to pay taxes on their certificates of deposit.

6. BANKS—*money deposited as credit with other banks is not "money on hand."* Money deposited by a bank with other banks as a credit is not "money on hand" within the meaning of section 30 of the Revenue act, but money on hand in a bank is the fund or cash out of which it makes its loans and is to be taxed as money on hand under said section even when the bank is insolvent and is using such money in winding up its affairs.

APPEAL from the Circuit Court of Vermilion county; the Hon. WALTER BREWER, Judge, presiding.

ROBERT R. RODMAN, for appellant.

JOHN H. LEWMAN, State's Attorney, for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

This is an appeal by Nathan Bond, receiver of the firm of Hamilton & Cunningham, private bankers at Hoopeston, Illinois, from an order of the circuit court of Vermilion county dismissing a bill for relief and injunction filed by the receiver against John R. Moore, as county clerk, and Robert H. Mater, as county treasurer and *ex-officio* county collector, of the county of Vermilion. By the bill it was sought to restrain the defendants, and each of them, from extending and collecting any taxes against the complain-

300—3

ant, as receiver, on account of a certain original assessment made and returned by the board of review of said county against him. The defendants answered the bill, and on a hearing the court dismissed it for want of equity.

The members of said banking firm were John L. Hamilton and James A. Cunningham. They operated their private bank until June 1, 1909, and then organized the Hoopeston National Bank and ceased to receive deposits as private bankers, the national bank receiving the deposits of subsequent depositors. Cunningham died about January 11, 1910, and Hamilton, the surviving partner, continued to collect and disburse the assets of the private bank until about November 1, 1913, at which time the appellant was appointed receiver by order of the circuit court of said county. The firm of Hamilton & Cunningham was insolvent. The estate of Cunningham was solvent. Forty-nine claims, aggregating more than $40,000 and evidenced by certificates of deposit, were allowed against appellant as receiver and against the estate of Cunningham. On April 1, 1919, appellant had, and since 1917 has had, in his possession as receiver about $31,152, which the board of review in 1919 assessed against him at one-half its full value, $15,500, as "moneys other than of bank, banker, broker or stock-jobber," which assessment was duly returned to the county clerk of said county, John R. Moore, and duly filed as required by law. Previous to making the assessment appellant had a hearing before the board of review and furnished the board with a list of the names and addresses of the holders of all the certificates of deposit outstanding against said partnership firm and issued by the firm while conducting its private bank, and informed the board that the funds in his hands were assets belonging to the private bank of Hamilton & Cunningham, and that the aggregate amount of said certificates of deposit which were valid claims against said partnership exceeded the sum of $40,-000. The further facts proved are that the $31,152 in

money in the possession of appellant as receiver was collected by him from old notes and accounts due Hamilton & Cunningham, some of it being collected by taking collateral security, such as lands, lots and buildings, and there are no other assets of said firm of value in appellant's possession. The real estate of the firm was sold in 1917. He has never listed any of the property of the firm for taxation except the real estate. On June 22, 1918, the circuit court entered a decree ordering appellant to make distribution of said sum of money as receiver. The money was then on deposit in the First National Bank of Hoopeston in the name of appellant as receiver and has remained on deposit since that time, and he draws three per cent interest on it. The reason given by appellant for not distributing the money as ordered by the court is that there is an unsettled claim against him as receiver for $14,000, and that the costs and expenses and attorney's fee and his fees have not been fixed and determined, and that he does not know how to pro-rate the distribution. The cashier of the First National Bank of Hoopeston testified that said sum of money in his bank was subject to check or draft, and that appellant's check would have been honored for the full amount of the deposit at any time.

Appellant's contentions, stated in his own language, are the following: That he "had no moneys in his possession or control on April 1, 1919, other than those of a bank, banker, broker or stock-jobber; that the funds in the hands of the complainant were not subject to assessment and taxation as moneys other than those of a bank, banker, broker or stock-jobber; that said property and funds in the hands of the complainant were then and there choses in action and rights and claims belonging to persons other than complainant; that the funds in the hands of complainant, in so far as complainant is concerned, were credits of a bank, banker, broker or stock-jobber, and that the complainant was entitled to deduct the amount of all

*bona fide* debts owing by said banking firm to any other person, which debts exceeded the amount on hand; that said funds were in the custody of the complainant as receiver, being administered by the order of the court, and that the funds were funds of an insolvent co-partnership and that the court had made an order directing the distribution of the same; that said funds were not taxable under the law of the State of Illinois."

It is the duty of the board of review to assess all property subject to assessment which was not assessed by the assessor, under paragraph 329 of the Revenue act. (Hurd's Stat. 1917, p. 2488.) The property of the private bank in the hands of appellant as receiver, if taxable, was properly assessed to him as such receiver, and it was his duty as such receiver to list all property in his hands as receiver and subject to taxation, although he was not the actual owner of the same. (*Wiswall* v. *Kunz,* 173 Ill. 110; Hurd's Stat. 1917, sec. 6, par. 6, p. 2423.) The real question in the case is whether or not the money in question in the hands of the receiver was subject to taxation. It is not disputed that the board of review had the right and power to assess it as an original assessment if the property was taxable. Appellant's main contention in his. argument is that the property having belonged to a private bank should be assessed under the provision of section 30 of the Revenue act, if at all, as the property of a private bank and in accordance with the rules for the assessment of a private bank under said section.

Section 30, so far as it is material to this inquiry as applied to private banks, provides as follows: "Every bank, * * * banker, broker or stock-jobber, shall at the time fixed by this act for listing personal property, make out and furnish the assessor a sworn statement showing, first, the amount of money on hand or in transit. Second, the amount of funds in the hands of other banks, bankers, brokers or others, subject to draft. Third, the amount of

checks or other cash items; the amount thereof not being included in either of the preceding items. Fourth, the amount of bills receivable, discounted or purchased, and other credits, due or to become due, including accounts receivable, and interest accrued but not due, and interest due and unpaid. * * * Seventh, the amount of all deposits made with them by other parties. Eighth, the amount of all accounts payable other than current deposit accounts. * * * The aggregate amount of the first item shall. be listed as moneys. * * * The aggregate amount of the seventh and eighth items shall be deducted from the aggregate amount of the second, third and fourth items of said statement and the amount of .the remainder, if any, shall be listed as credits."

In reaching his conclusion that the money in his hands for distribution is not taxable, appellant assumes that it is to be considered and listed as "funds in the hands of other banks, bankers, brokers or others, subject to draft," under the requirements of section 30 of the Revenue act, as said funds are the property of a private bank and should be treated as private bank funds just the same as if they were still in the hands of Hamilton & Cunningham, bankers, instead of in his hands as receiver. Having assumed this position, he then argues that in order to obtain the correct amount in his hands for assessment and taxation said section requires that the amount due all the depositors of the bank, and who are claimants against him in the aggregate amount of more than $40,000, shall be deducted from the amount of money in his hands, and the remainder, if any, be taxed as credits, and as the remainder is less than nothing, the money in his hands is not subject to taxation.

If we concede that appellant is right in his contention that the money in his hands should be regarded as the money of private bankers, to be listed, assessed and taxed as funds of private bankers are listed, assessed and taxed, we are still unable to agree with appellant in his assumption

that the money in his hands is to be considered as credits, within the meaning of section 30, and to be listed for taxation and taxed under the designation of "funds in the hands of other banks, bankers, brokers or others, subject to draft." The funds or money in appellant's hands properly comes under the designation "money on hand," under section 30, and is to be listed and assessed as money, and in assessing such money appellant was entitled to no deduction for amounts owed depositors. When appellant reduced the assets of this insolvent bank into cash to the amount of said sum it was certainly money on hand within the meaning of said section, and it was money for one purpose only: to pay the costs and expenses of the receivership and to pro-rate the remainder among the depositors or creditors of the bank. It was money on hand and money in his hands before he deposited it in the bank. If, instead of depositing it in the bank, he had placed it in his private safe at his home and kept it there for the purposes aforesaid, it certainly could not have been considered otherwise than as money on hand and subject to taxation as money and not as credits. He deposited it in the First National Bank simply because he had no safe place to keep it, and he could not change the character of the fund by simply depositing it in a bank. Neither the character of the fund nor the purpose of it was changed by depositing it in the bank. The second item to be listed for taxation under section 30, "funds in the hands of other banks, bankers, brokers or others, subject to draft," has reference to funds that are placed by banks in the hands of other banks as a fund to offset or pay existing or contemplated claims against the depositing bank and which may be used for such purpose by draft. Such a fund is properly called a credit, as it is an amount owed to the depositing bank by another bank and is deposited for the convenience and use of the bank in paying any claim that may arise against it, or as a fund upon which the depositing bank may draw to pay a cus-

tomer the equivalent of money owed to the depositing bank and for which the customer in turn pays cash into the depositing bank from which he obtains his draft on the fund deposited in the other bank. Such a fund deposited in another bank is at no time "money on hand" or money used by the depositing bank for the purpose of loaning or otherwise carrying on the profitable business of banking but is at all times truly a credit. Money on hand in a bank is the fund or cash out of which it makes its loans, and is therefore at all times to be considered as money on hand within the meaning of section 30 and to be taxed as money, and it continues of that character even when the bank is insolvent and winding up its affairs and the money is to be used only for the purpose of making final distribution and settlement of the bank's affairs as a bank.

The fact that the board of review assessed the money in the hands of appellant as "moneys other than those of bank, banker, broker or stock-jobber" did not invalidate the assessment or the tax. The board of review assessed and taxed the fund in question as money of appellant as receiver, and there is no question about its being the same money that appellant had on deposit in the First National Bank. It was taxable as money on hand, and the fact that the private bank was insolvent does not relieve this sum from taxation. It would have been taxable in the hands of Hamilton & Cunningham as money on hand if they were still running the bank and in possession of the money, although insolvent. Insolvency does not change the character of the fund or property in the hands of the insolvent. Appellant sought his remedy by injunction in a court of equity, and the burden was upon him to show that the fund was not taxable under any designation, and having failed to do so the bill was properly dimissed for want of equity.

The claim that the depositors ought to have been taxed for the sum of this money and that for that reason appellant cannot be taxed on the money cannot be sustained

under any view. It was not the money of the depositors in the sense that it should be taxed in their names. The *pro rata* share of no depositor was ascertained or known. The money was still in the possession of appellant and was his money as receiver and subject to taxation, without regard to the question whether or not it was the duty of the depositors to pay taxes on their certificates of deposit.

The decree of the circuit court is affirmed.

*Decree affirmed.*

---

(No. 13945.—Appellate Court reversed; superior court affirmed.)
JOHN GRAHAM, Plaintiff in Error, *vs.* J. H. PAGE, Defendant in Error.

*Opinion filed October 22, 1921—Rehearing denied Dec. 8, 1921.*