**McCORMICK v. PURITAN COAL MIN. CO.**
**Inc., et al.**
**No. 4315.**

Circuit Court of Appeals, Third Circuit.
May 16, 1930.

W. H. Unger, F. F. Reamer, and Marlin S. Unger, all of Shamokin, Pa., for appellant.

B. J. Savage, of Albany, N. Y., for appellees.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and J. WHITAKER THOMPSON, District Judge.

WOOLLEY, Circuit Judge.

There is only one question of law in this case but, oddly enough, there are two barriers that must be removed before it can be decided.

The question is whether receivership funds are liable for penalties for the non-payment of local taxes against a corporation's property which have been incurred since the appointment of receivers. Unless thwarted by procedural matters presently to be considered we shall decide this question against the allowance of claims for penalties, conformably with the opinion of the learned trial judge, on these lines:

The penalties claimed by the tax collector accrued on the non-payment of taxes for the period beginning with the date of the appointment of receivers, and later dates, and running until they shall have been paid, being two per cent. of the gross taxes and one per cent. a month until payment. The

penalties claimed are on taxes for the years 1922, 1923, 1924, 1925 and 1926. Receivers were appointed in 1925. The master by his report in March, 1927, allowed the collector's claims for penalties on the 1923, and 1924 taxes beginning with the appointment of the receivers and on the 1925 and 1926 taxes beginning at later dates. They have been mounting ever since. During all that period the taxable property of the corporation or the proceeds of its sale were in the hands of receivers being administered. Contrary to the drift of some decisions, we hold that the status of tax claims, like the status of other claims, became fixed upon the appointment of receivers. The property then came into custodia legis, subject to be handled and the proceeds of its sale distributed by the court, the instrument of the law, according to principles which govern the settlement of estates of that kind. In such an instance a state cannot impose a penalty upon the lawful custodian or change the law of federal administration. Had the property come to them burdened with penalties, the receivers, of course, must pay them; but if it came to them free from such burden, neither the receivers nor the estate can be penalized for making distribution in the way the court directed. Receivers are sub potestate curiæ; receivership estates are under the protection of the law. Delay incident to the orderly settlement of an estate is an act of the law, not to be disturbed by impatient claimants. We think the instant case is controlled by the general rule that after property of an insolvent corporation has passed into the hands of its receivers, interest or penalties for the nonpayment of taxes are not allowable on claims against the funds. Williams v. American Bank, 4 Metc. (Mass.) 317, 323; Thomas v. Minot, 10 Gray (Mass.) 263; McGinnis v. Corporation Funding & Finance Co. (D. C.) 8 F.(2d) 532; Tardy's Smith on Receivers, 2 Vol., § 686; People v. American Loan & Trust Co., 172 N. Y. 371, 377, 65 N. E. 200; Tredegar Co. v. Seaboard Air Line Ry. (C. C. A.) 183 F. 289; Coy v. Title Guarantee & Trust Co. (D. C.) 212 F. 520; Id. (C. C. A.) 220 F. 90, 93, L. R. A. 1915E, 211; Thomas v. Western Car Co., 149 U. S. 96, 114, 13 S. Ct. 824, 37 L. Ed. 663.

Though this be the law, the tax collector says there are two legal and impassable obstacles to the rendition of a judgment enforcing it, one a decree of this court and the other a decree of the District Court, both allowing the penalties. Formidable as they first appear, we find they should be, and legally can be, surmounted.

■ The decree of this court. The taxed property in question was a fully equipped coal mine. The collector filed claims for local taxes in a total of $89,196.88. It happened that this sum included penalties, though neither the parties nor the court made special note of that fact. The master allowed all tax claims as presented except those for 1922 on real property, which amounted to $9726.31 including penalties, as it now appears, and for 1924 on personal property, with which we are not presently concerned. The only exceptions to the master's report were those filed by the tax collector as to these two disallowed items. The trial judge affirmed the report in all respects. From that ruling the tax collector appealed as to these two items alone. After hearing, this court, by opinion reported in 28 F.(2d) 331, allowed the claim for the 1922 taxes, quoting the figures which happened to include penalties, and disallowed the claim for the 1924 taxes and in doing so said in its opinion and repeated in its mandate that—"In all other respects the decree is affirmed." The tax collector, now here on appeal from a later decree of the trial court disallowing penalties, maintains that that quoted statement was an adjudication of the question of penalties, not because the question was brought here by appeal, assigned as error, discussed and considered, for the matter of penalties, though mentioned by the appellant collector in the concluding paragraph of his assignments of error, was of course not assigned as error against his own interest and was not presented to or considered by this court, but because of its comprehensive affirmance of the decree in all "other" respects. As the matter of penalties was not a "respect" of the decree that was appealed to or decided by this court, it is clear that, however broadly the court may have adverted to the parts of the decree below that were not here for review, it was merely a cautionary expression meaning nothing more than the decree in all respects except the two reviewed is not disturbed. Acting within our power to interpret our own decision we find in it no impediment to a decree on the new matter now here on review for the first time. This finding necessarily leaves undisturbed our decree on the first appeal as to the amount of the claim allowed, stated in figures, even though it include penalties, unless (contrary to appearance) the item of penalty on the 1922 taxes falls within this second appeal, for the plain reason that that decree has passed beyond our control.

The decree of the District Court. As before stated, the learned trial judge in September, 1927, ratified and affirmed the master's report in all respects. The appeal in the two respects we have discussed followed. After his decree had in part been reversed and in part affirmed by this court (supra), there immediately began a controversy between the tax collector and receivers about the payment of taxes and, for the first time, so far as we can discover, about the payment of penalties. The receivers eventually paid all taxes but refused to pay the penalties on certain taxes. Then the controversy became bitter, culminating in contempt proceedings. In regard to penalties it is clear that somebody made a mistake. In the conversations and hearings which followed, the learned trial judge evidently felt that his decree affirming the master's report in all respects (which included penalties) was inadvertently entered and seemingly regarded the inadvertence or mistake as his own. Accordingly, more than a year later, he entered another decree disallowing the penalties which had accrued on taxes after the appointment of receivers. It was from that decree that this appeal was taken, raising for the first time in this court the question whether receivership funds are liable for tax penalties after the appointment of receivers and raising particularly the question whether the trial judge, even if such funds are not so liable, could at that late date and in the face of an opposite adjudication apply the proper law. We think he could. The previous decree did not carry the force or res judicata. The judge was not trying a case between contesting parties but was settling an insolvent estate in the course of which, at bar, side bar and in chambers, he was, through the years, conferring with and directing the receivers, claimants and the purchaser of the property. The latter, the mortgagee, after sustaining a tremendous loss, was furnishing all the money for the payment of taxes and the administration of the estate. The judge's actions, whether formal or informal, were administrative, subject of course to rules of court in respect to exceptions, to be enforced or suspended as he saw fit, and, being administrative, his actions were at all times within his control and when mistakes occurred they were subject to his correction so long as the estate was, as here, still being administered by him. The door does not close on every act or statement of a judge conducting a receivership the moment an act is done or a thing is said, for that would make judicial business of this kind impossible of performance. He has some latitude in the changing current of events, especially to overcome actions inadvertently taken and to correct mistakes which inevitably occur in the settlement of estates of this kind. As we hold the correction of the mistake in this matter could validly be made, and should, in the very right of the matter, be made, the decree is affirmed with the observation that nothing here said or done should prejudice the tax collector or his personal representative in recovering any moneys, covered by this decision, which he or she may have paid the township or county, or other taxing authority, and with the direction that because of the receivers' more than substantial contribution to the confusion of this case, all costs in this court and in the District Court, including cost of printing the record and briefs, shall be paid from receivership funds.