## GRAY, *Receiver*, v. LOGAN COUNTY.

(Filed July 30, 1898.)

1. NATIONAL BANKS—*Taxation of Capital Stock.* Taxes upon the capital stock of a national bank cannot be enforced against the bank, or be made payable out of the assets of such bank in the hands of a receiver. Such taxes are levied upon the shares of stock, as personal property of the holder of such stock, and are recoverable against the owner and holder of such shares of stock, and not against the bank or its assets.

2. SAME—*Real Estate Taxes.* By the act of congress authorizing the creation of national banks, approved June 3, 1864, (13 Statutes 99,) it is expressly provided that nothing in the act is to exempt the real estate of such a bank from either state, county, or municipal. taxes, to the same extent, according to its value, as other real estate is taxed. The claim of the state for the payment of taxes is paramount to the claims of any other person against the property taxed or its proceeds in the hands of a receiver. It is the duty of courts. to respect this paramount right, and to make no order for the distribution of assets in *custodia legis*, except in subordination to such. paramount right. There is no distinction between the right of a state to be paid by the receiver the sum of its taxes, and its right to be paid the interest and penalties accrued thereon. The penalties are as much a legal claim of the state as are the taxes upon. which they have accrued.

(Syllabus by the Court.)

*Error from the District Court of Logan County; before Frank Dale, District Judge, on Re-hearing.*

*John F. Stone* and *Herod, Widmer & Overstreet,* for plaintiff in error.

*Huston & Huston,* for defendant in error.

Opinion of the court by

TARSNEY, J.:  This case was before this court at the June term, 1897; and upon the point involved in *Gray v. Stiles,* 6 Okla. 455, 49 Pac. 1083, and upon the authority of that case, the judgment of the court below herein was

—21

reversed. As the action of the territorial board of equalization in raising the returned valuation of property in Logan and other counties of the Territory for the year 1895 has been affirmed by this court in *Wallace v. Bullen,* (decided upon rehearing at this term) 6 Okla. 17-757, and the case of *Gray v. Stiles* expressly overruled, the conclusion of the trial court in this case upon that proposition will not be disturbed, but is affirmed.

The plaintiff in error is the receiver of the National Bank of Guthrie, and in 1892 was appointed such receiver by the district court of Logan county in the suit of the United States National Bank against the National Bank of Guthrie. Said National Bank of Guthrie was at the time of the appointment of such receiver, and ever since has been, the owner of lots 17 and 18, in block 49, in that part of the city of Guthrie known as "East Guthrie." Said real estate was assessed for territorial and county taxation for the year 1893 in the sum of $405.17; for the year 1894, $374.48; for the year 1895, $354.96; and at the date of the commencement of these proceedings penalties had accrued thereon as follows: Upon taxes for the year 1893, $177.69; for 1894, $54.48; for 1895, $31.94. The capital stock of said bank, $70,000, was for the year 1893 assessed at 25 per cent. of its face value against the stockholders; but the aggregate assessed value of the shares of said stock was placed upon the tax roll in the name of the bank, and taxes amounting to $835.36 were levied thereon, and at the commencement of these proceedings penalties amounting to $369.99 were claimed for the non-payment of said taxes so levied against said shares of stock.

On January 25, 1895, the county of Logan filed its mo-

tion in the case of the United States National Bank against the National Bank of Guthrie to require the receiver therein to pay all the said taxes and penalties assessed against the said real estate and against the said stock of said bank. The motion was submitted to the court upon an agreed statement of facts, and the court below found against the receiver for, and directed him to pay, the taxes assessed against said real estate for the year 1893, 1894, and 1895, amounting to $1,134.61, but refused to order said receiver to pay the accrued penalties on said taxes. The court also directed the receiver not to pay any portion of the taxes or penalties levied upon the shares of the capital stock of said bank for the year 1893. From this order of the court the cause was removed to this court by appeal, and cross assignments of error are presented.

It is unnecessary to discuss the question of the right to recover, against a national bank, or of a receiver of a national bank, or out of the bank's assets in the hands of a receiver, taxes levied upon the shares of the capital stock of such bank. Such taxes are in no sense the obligations of the bank. Such shares of stock are the personal property of the holder, and taxes thereon are recoverable, as other personal property taxes, against the property of the persons holding such stock. The conclusion of the court below upon this proposition was correct.

The remaining question in the case is, was the real estate of the bank taxable? And, if so, do the penalties provided by law for non-payment of such taxes run and accumulate while the property is in the hands of a receiver?

In *Adams v. Nashville*, 95 U. S. 19, it is said: "The act of congress approved June 3, 1864, (13 Statute 99,) was

not intended to curtail the state power on the subject of taxation. It simply required that capital invested in national banks should not be taxed at a greater rate than like property similarly invested. * * The statute referred to does not purport to relieve any property from taxation."

In *Bank v. Caldwell*, 13 Fed. 429, it is held that the real estate of a national bank is subject to taxation distinct from its other capital. In the act of congress creating national banks, (Act June 3, 1864,) it is expressly provided that nothing in the act is to exempt the real estate of such banks "from either state, county or municipal taxes, to the same extent, according to its value, as other real estate is taxed." (See Cooley, Tax'n, 389.)

If the real estate of a national bank is subject to taxation by states, counties or municipal corporations "to the same extent, according to its value, as other real estate is taxed," the fact that the property of such corporation is in the hands of a receiver appointed by a court of equity does not exempt the property from taxation. (Gluck & B. Rec. p. 310.)

The claim of the state for the payment of taxes is paramount to the claims of any other person against the property taxed, or its proceeds in the hands of the receiver. (*Trust Co. v. Webber*, 96 Ill. 346; *In re Receivership of Columbian Ins. Co.*, 3 Abb. Dec. 239; *Com. v. Runk*, 26 Pa. St. 235; *Georgia v. Atlantic & G. R. Co.*, 3 Woods, 434, Fed. Cas. No. 5,351.)

In *Central Trust Co. v. New York City & N. R. Co.*, 110 N. Y. 250, 18 N. E. 92, it was held that the claim of the state for the payment of taxes was paramount to all other claims against property in the hands of a receiver, and

that the proceedings to obtain payment of such taxes were not confined to those provided for in the act under which the taxes were levied, but that a direct applica-tion for an order on the receiver for their payment might be made to the court by petition.

In the case of *In re Tyler*, 149 U. S. 184, 13 Sup. Ct. 790, the court cites with approval *Greely v. Bank*, 98 Mo. 458, 11 S. W. 980, wherein it is said: "The amount of the taxes was undisputed and the receiver had in his hands funds sufficient to pay it, and we think the order should have been made. It may be conceded that the state did not have an express lien upon the assets that went into the hands of the receiver, but it had a right paramount to other creditors to be paid out of those assets—a right which it could have enforced through its revenue officers by the summary process of distress, but for the fact that the property and assets of its debtor had passed into the custody of its courts, whose duty it was, in the adminis-tration and distribution of those assets, to respect that paramount right upon the untrammeled exercise of which depends the power to protect the very fund being dis-tributed, and to maintain the existence of the tribunal en-gaged in distributing it, and to make no order for the dis-tribution of assets in *custodia legis* except in subordina-tion to that right."

We are cited to no authority to the effect that there is any distinction between the right of a state to be paid by the receiver the sum of its taxes and its right to be paid the interest and penalties accrued thereon; and, in the absence of authority showing such distinction to exist, we are unable to perceive how, upon principle or reason, the action of the court below in making such dis-

tinction, and in refusing to allow accrued penalties to be paid, can be sustained. The validity of the law providing penalties for the non-payment of taxes is not questioned. They are enforced against all private citizens who neglect to pay their taxes as provided by law. The property in question was in the hands of a receiver when the taxes upon which these penalties ran were levied, and when they became due. It was as much his business to pay those taxes before any penalties ran as it is the duty of any other owner or custodian of property charged with the payment of taxes. That penalties accrued was his fault, and not the fault of the Territory or the county. When penalties accrue, they are as much a part of the claim of the state as is the tax itself. The payment of the tax does not relieve from the penalty. The payment of the penalty does not relieve from the payment of the tax. Tax and penalty constitute but one claim, and not distinct claims. If the tax be valid, the penalty is valid. It therefore follows that the district court erred in refusing to direct the receiver to pay the several items of penalties accrued upon the taxes levied upon the real estate as shown in the agreed statement of facts.

The judgment of the court below is reversed, and the cause remanded, with instructions to enter an order directing the receiver to pay to the county treasurer of the county of Logan the sum of $1,134.61, taxes assessed on the real estate described in the agreed statement of facts for the years 1893, 1894, and 1895, together with all penalties by law accrued and accruing upon the said taxes for each of said years until payment is made.

All of the Justices concurring.