(139 App. Div. 347.)

NEW YORK TERMINAL CO. v. GAUS, State Comptroller.

(Supreme Court, Appellate Division, Third Department. June 29, 1910.)

1. TAXATION (§ 124½*)—CORPORATIONS—FRANCHISE TAX.

Where the receiver of a corporation having a franchise to operate a ferry under a license from a municipality operated the ferry under the franchise, as shown by the fact that he did not obtain any license as receiver or as an individual, and that the usual corporate reports and returns were made, he assumed the position of the directors in carrying on the business of the corporation, and a franchise tax was properly levied.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 226, 240–242, 260–272; Dec. Dig. § 124½.*]

2. TAXATION (§ 117*)—"FRANCHISE TAX"—AMOUNT.

The tax on a corporate franchise does not depend on the profits or amount of the business of the corporation, but it is a payment for the privilege of doing business as a corporation.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 214; Dec. Dig. § 117.*

For other definitions, see Words and Phrases, vol. 3, p. 2942.]

3. TAXATION (§ 512*)—RECEIVERSHIP—SALES—TITLE OF PURCHASER.

Where a franchise tax was properly assessed while the receiver of a corporation operated its business under the franchise, and the physical property of the corporation was subject to a lien for the tax, a purchaser from the receiver of all the property of the corporation, except the franchise to be a corporation, subject to the taxes which might be liens thereon, took the property with the tax burden resting on it.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 950; Dec. Dig. § 512.*]

Controversy without action submitted under Code Civ. Proc. § 1279, between the New York Terminal Company and Charles H. Gaus, Comptroller of the State of New York. Judgment denying relief to plaintiff.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Edward R. O'Malley, Atty. Gen. (C. R. McSparren, Deputy Atty. Gen., of counsel), for plaintiff.

William H. Blymer, for defendant.

---

JOHN M. KELLOGG, J.  In an action in the Supreme Court by the Knickerbocker Trust Company, as trustee, against the Brooklyn Ferry Company of New York, to foreclose a second mortgage, an order was duly made October 16, 1906, appointing Joseph J. O'Dono-hue, Jr., receiver for said company, and he duly qualified and took possession of its assets, and continued to hold and manage the property of the ferry company until June 25, 1908, when by virtue of the judgment in said action all of its property, save the franchise to be a corporation, was sold in 25 separate parcels, "subject to all taxes which might be liens thereon." The New York Terminal Company, a foreign corporation, of New Jersey, purchased 24 of said parcels, and received title thereto, and is now the owner thereof. The property was delivered to the terminal company July 24, 1908, and it immediately executed a lease of the same to William O. Madden, who thereupon undertook the operation of said ferries pursuant to said lease in order to close down the same, but was restrained by injunction from closing the same until December 14, 1908, when the injunction was dissolved, and the boats were thereupon and are now tied up in the ferry slips of said property. Upon reports made by the Brooklyn Ferry Company a franchise tax for the year 1907 was stated against it, amounting to $5,625, and for the year 1908, $5,625. The company took no action for the readjustment or review of said tax, although it had due and timely notice thereof. The plaintiff has not filed a certificate with the Secretary of State pursuant to section 15 of the general corporation law. The plaintiff demands judgment that said tax be declared void, and that the Comptroller be restrained from taking proceedings to collect the same, with costs of this action. The defendant demands judgment for the amount of the taxes, interest, and penalties, together with costs.

The question presented, we think, must be considered as settled so far as this court is concerned by Central Trust Co. v. N. Y. C. & N. R. R. Co., 110 N. Y. 250, 18 N. E. 92, 1 L. R. A. 260. The only difference we can see between that and this case is that there the receiver was necessarily actively exercising the franchise of the corporation in running the railroad. The laws of this state do not contemplate that a private person may operate a railroad carrying persons and property for hire. Village of Phœnix v. Gannon, 195 N. Y. 471, 88 N. E. 1066. Trojan Railway Co. v. City of Troy, 125 App. Div. 362, 109 N. Y. Supp. 779.

If the statutes have confined the privilege of operating a railroad to railroad corporations, it is evident that the court cannot authorize its officers to do an act which can only be done by a railroad company. It is therefore evident that in that case the franchise was necessarily and actually used, and no injustice comes from charging upon the property the same tax that would have resulted from its operation if the receiver had not been appointed. He simply took the place under the law and by the order of the court of the board of directors, and was exercising the franchise of the corporation in their place.

Our attention has not been called to any provision of law which prohibits or renders it improper for a natural person to operate a

ferry, and it is probable that Mr. O'Donohue as an individual could have operated boats and performed any duty which the ferry company did with reference thereto, and if a natural person could perform such service it is clear that the court could authorize him as receiver to do so in administering a property in court.

It is not necessary to decide whether Mr. O'Donohue, as receiver, could have operated the ferry as such without reference to the franchise granted by the state, and thereby have escaped this taxation. The record does not establish the fact that he so acted. We assume that the ferry company was operating its ferry pursuant to law prior to the appointment of the receiver, and had obtained from the local authorities the proper license for that purpose. The record shows incidentally that it had a franchise from the city of New York to operate the ferry from the slip to the foot of Forty-Second street. It does not appear that the receiver ever obtained such a license. It was unnecessary for him to do so, if he was operating the ferry under the corporate franchise. If a special license had been obtained by the receiver, as an individual or as receiver, that fact should have appeared in an effort to declare void the tax levied against the corporation. The plaintiff has assumed to show that the taxing officer acted without jurisdiction. The record fairly implies that the ferry was operated under the corporate franchise. The usual corporate reports and returns were made, and it would be a violence to the fair spirit of the record to say that the receiver was not exercising the corporate franchise in carrying on the ferry. It would have been a violation of law for him to operate the ferry without the consent of the local authorities.

As stated, the inference is irresistible that he was operating, as he had the right to do, under the license which had been granted to the company, and therefore that he had assumed the position of the board of directors in managing and carrying on the business of the corporation, and that he did the ferry business under the franchise of the ferry company. It is not material just how far he used the corporate franchise or how profitable it was for him so to do. If the corporate franchise was exercised, the tax follows, as it does not depend upon the success or the profits of the business, or the amount of business done, but is a payment for the privilege of doing business as a corporation, and the amount of business done does not affect the amount payable to the public for the right to do business. People ex rel. Fifth Ave. B. Co. v. Williams, 198 N. Y. 238, 91 N. E. 638.

I think, therefore, we are justified in saying, within the authority of the Central Trust Company Case, that the tax was properly assessed, and that, when the plaintiff purchased the physical property subject to any tax which was a lien thereon, it took it with this burden resting upon it. The other questions raised need not now be considered.

Judgment should therefore pass denying any relief to the plaintiff, and determining that the taxes in question are liens upon the several parcels of property sold by the receiver. The plaintiff pur-

chased a part of the property subject to the lien of the taxes thereon, but did not by the terms of sale, as stated in the record, become personally liable for the payment of the tax. No personal judgment can therefore be rendered for the tax. The defendant should recover costs and disbursements of this action. All concur.