In Equity.

GEORGE W. JOHNSON *vs*. MONSON CONSOLIDATED SLATE CO.

Sagadahoc.          Opinion July 14, 1911.

*Corporations.   Franchise Tax.   Claims Provable.   Taxation.   Real Estate.*
*Revised Statutes, chapter 8, sections 18-22.*

Assessment of a franchise tax against a corporation under Revised Statutes, chapter 8, sections 18-22, after appointment of receivers by the court in proceedings to dissolve the corporation, and while such proceedings are pending, does not create a debt provable against the corporation.

Real estate sold for taxes is properly assessed to the owner, while he remains in possession with the right to redeem.

On bill to dissolve a corporation, taxes legally assessed and claimed by a town should be allowed against the assets, but as a non-preferred claim, though the property had been sold by the collector in an effort to collect the taxes.

In equity.   On report.   Decree according to opinion.

Bill in equity against the defendant, an insolvent corporation, to wind up its affairs and distribute its assets among its creditors. Reported to the Law Court, in connection with *Johnson* v. *Johnson Brothers*, ante, for determination.

The case is stated in the opinion.

*Frank L. Staples*, for Receivers.

*John F. Sprague*, for Town of Monson.

*Charles P. Barnes*, Assistant Attorney General, for the State.

SITTING:  EMERY, C. J., WHITEHOUSE, SAVAGE, SPEAR, KING, BIRD, JJ.

KING, J.   This is a proceeding in equity against the defendant, an insolvent corporation, to wind up its affairs and distribute its assets among its creditors.   The cause is reported to this court, in connection with that of *George W. Johnson* v. *Johnson Brothers*,

(infra), and the questions to be decided are whether the following claims, presented against the defendant as preferred, should be allowed as such.

Claim favor State of Maine for franchise tax                $10.00
Claim favor Town of Monson for taxes                       $992.53

### CLAIM OF THE STATE

This franchise tax was assessed against the corporation July 1, 1910, under the provisions of chapter 8, R. S., secs. 18-22. But the defendant corporation had passed into the hands of receivers, by order of court made in April, 1910, under proceedings for its dissolution. This court has decided in the case, *Johnson* v. *Johnson Brothers*, infra, that the assessment of a franchise tax against a corporation subsequent to the appointment of receivers by the court in proceedings for the dissolution of the corporation, and while such proceedings are pending, did not create a debt provable against such corporation. And for the reasons there stated it is the opinion of the court that the State has no valid claim against the defendant corporation for this franchise tax.

### CLAIM OF THE TOWN OF MONSON.

This claim is for the amount of taxes assessed against the defendant corporation as a non-resident on real and personal property for the years 1902, 3, and 4, less some subsequent payments. On the first Monday of December, 1903, the real estate taxed to the defendant in the assessment of 1902 was sold and purchased for the town by one of the selectmen, authorized by the other selectmen to do so. In pursuance of that sale a deed of the real estate was made by the collector to the town and deposited with the town treasurer as provided by statute. In 1903 the same real estate was assessed to the defendant, and on the first Monday of December, 1904, the same real estate was again sold by the collector, bid in for the town, and a collector's deed thereof made to the town. Again for the year 1904 the real estate was assessed to the defendant, and subsequently similar proceedings were had in making a

sale of it to the town. All subsequent taxes against the property have been assessed against the defendant and paid in full by it. The defendant was in possession of the real estate during all the time. In the agreed statement upon which this case is reported it is said that the only question presented is "the legality and effect of successive assessments, sales and purchases of the property taxed, by the town assessing the same."

The right to redeem the real estate from the first sale, made in December, 1903, continued for a year after the sale, or until December, 1904. Accordingly the real estate was properly assessable to the defendant for the years 1902-3 and 4, for at the time of those assessments the defendant was in possession, and the owner, having the right to redeem it from the first sale until December, 1904. It is agreed that the assessors were duly elected and qualified, that the assessments in question were legally committed to a duly elected and qualified collector, who gave all notices and filed all certificates required by law.

When a tax has been assessed so as to create a lien upon the property assessed for its payment, or make it the duty of the party assessed to pay the tax, even if the lien has become lost, and even if such party is not compellable by law to pay, it is nevertheless equitable that he should pay it. The taxes in question were legally assessed upon the property of the defendant corporation. Notwithstanding that the collector sold the property assessed in an effort to secure the tax, it was still the duty of the defendant to pay the taxes. And it is the opinion of the court that in this proceeding in equity to wind up the affairs of the defendant corporation, the amount of these taxes should be allowed as a non-preferred claim against the assets in the hands of the receivers. *Bisbee* v. *Mt. Battie Mfg. Co.*, 107 Maine, 185, 77 Atl. 778. Decree to be made in accordance with this opinion.

*So ordered.*