(69 South. 148)

No. 20790.

SIBLEY, L. B. & S. RY. CO. v. CURRIE, Tax Collector, et al.

(June 11, 1915. On Application for Rehearing, June 29, 1915.)

*(Syllabus by the Court.)*

1. TAXATION ⊚⟳204—RAILROADS—EXEMPTION —"COMPLETED."

Under article 230 of Constitution of 1898, exempting from taxation, for ten years from the date of its completion, any railroad or part of such railroad that might thereafter be constructed and completed prior to January 1, 1904, a railroad must be considered as "completed" from the date of the regular operation of trains on its roadbed, although the same be not entirely surfaced and ditched.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 321–323, 325, 332, 333; Dec. Dig. ⊚⟳204.

For other definitions, see Words and Phrases, First and Second Series, Complete.]

2. TAXATION ⊚⟳527½ — TENDER OF PART OF TAX.

Where a taxpayer, intending to institute an action to reduce or to cancel in part his assessment, tenders to the tax collector the amount of taxes which he admits is due, it becomes the duty of the tax collector to accept the tender and to issue a receipt to the taxpayer.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 979, 980; Dec. Dig. ⊚⟳527½.]

3. TAXATION ⊚⟳549 — ATTORNEY FOR TAX COLLECTOR—COMMISSIONS.

The attorney for the tax collector is entitled to his statutory commissions for defending an action by a taxpayer to cancel an assessment on the ground of the exemption of the property, in whole or in part, from taxation; but such commissions should not be allowed on that part of the taxes admitted to be due, and tendered to the tax collector previous to suit.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1043–1050; Dec. Dig. ⊚⟳549.]

Appeal from Third Judicial District Court, Parish of Bienville; William C. Barnette, Judge.

Action by the Sibley, Lake Bisteneau & Southern Railway Company against J. E. Currie, Tax Collector, and others. Judgment for defendants, and plaintiff appeals. Amended and affirmed.

Scheen & Blanchard, of Shreveport, for appellant. R. G. Pleasant, Atty. Gen., Harry Gamble, Asst. Atty. Gen., and J. E. Reynolds, of Arcadia, for appellees.

LAND, J. This suit is against the state board of appraisers, to test the legality of certain assessments of the plaintiff's railroad track for the years 1913, 1912, 1911, and 1910.

The tax collector and the assessor were made parties defendant.

The petition alleges that the following assessments were made:

For 1913—12 miles of main track at $4,000....$48,000
½ mile of side track at $1,000.................  500

Total ......................................$48,500
For 1912—(supplemental) five (5) miles of
  main track at $3,500....................:.$17,500
For 1911—(supplemental) twelve (12) miles of
  main track at $3,500....................$42,000
½ mile side track at $875.....................  437

Total ......................................$42,437
For 1910—(supplemental) twelve (12) miles of
  main track at $3,500....................$42,000
½ mile side track at $875.....................  437

Total ......................................$42,437

Plaintiff claims that it is a common carrier, and that, under article 230 of the Constitution of 1898, its road was exempt for

1913 on 3 miles of its main line at an assessed valuation of $12,000.

Plaintiff admitted the correctness of the balance of the assessment for that year, and tendered to the tax collector the amount of taxes due thereon.

Plaintiff further claims that for the year 1912 it was assessed with and paid the taxes on 7 miles of main line and one-half mile of side track, and that 5 miles of the supplemental assessment for that year was not subject to the tax of that year, under said article 230.

Plaintiff denies that its railroad was subject to assessment and taxation for the years 1911 and 1910, because exempt under the same article.

Plaintiff alleges that it has 12 miles of main line and one-half mile of side track in the parish of Bienville, of which 7 miles were constructed and completed during the year 1901, 2 miles in 1902, and 3 miles in 1903.

Defendant board in its answer denies that the plaintiff was a common carrier of freight and passengers, or that it was constructed and completed as a railroad in the sense of article 230 of the Constitution of 1898, at any time entitling it to the exemption claimed, and prays for judgment declaring the assessments in question to be legal and valid, and dismissing this suit at plaintiff's costs.

The tax collector and assessor answered, denying the exemption claimed by the plaintiff, and praying that the demands of the plaintiff be rejected at its cost, and for judgment against the plaintiff for the full amount of the taxes as assessed, with all penalties prescribed by law, and 10 per cent. additional to be taxed as cost and for all costs of this suit.

The case was tried, and there was judgment declaring the taxes for the year 1910 to be illegal, null, and void, but decreeing that the taxes for the years 1911, 1912, and 1913 to be legal and ordering the defendant tax collector to collect the same, with 10 per cent. interest thereon from January 1, 1913; and that 10 per cent. on the principal and penalties collected be assessed and collected as costs for counsel for said tax collector; and that all other costs of the suit be paid by the defendants.

Plaintiff has appealed; and defendants have answered the appeal, praying that the judgment below be amended so as to reject plaintiff's demands in toto, and to increase penalties, etc.

It is admitted that the plaintiff was incorporated as a railroad company; and the record shows that it has been treated as such by the Railroad Commission and the state board of appraisers.

Article 230 of the Constitution of 1898, as far as applicable to this case, reads as follows:

"There shall also be exempt from taxation for a period of ten years from the date of its completion, any railroad or part of such railroad that may be hereafter constructed and completed prior to January 1st, 1904."

The question when the three sections of plaintiff's railroad were completed is one of fact, and the findings of the trial judge thereon are entitled to weight, when the evidence is conflicting.

The judge found that no part of plaintiff's road in the parish of Bienville was completed until after the year 1900.

The judge evidently found that the first 6½ or 7 miles of plaintiff's road in said parish was completed to Ringgold in the early months of the year 1901. Plaintiff's evidence shows that the rails were laid to that town in February, and in that or the next month of the same year trains carrying freight and passengers were operated over said extension. Plaintiff's contention, however, is that the track was not "completed," because surfacing, ditching, etc., had not been entirely finished.

[1] We are of opinion that the regular operation of the railroad in February and March, 1901, is conclusive evidence of its

completion. A railroad, for the purpose of exemption from taxation, is considered as "completed" when the railroad bed and track are put in reasonably safe condition for the operation of trains. See N. O. G. N. R. Co. v. State Board of Appraisers, 135 La. 736, 66 South. 164.

As to the dates of the completions of the remaining sections, there is no evidence in the record, except the uncontradicted testimony of the superintendent and the roadmaster of the plaintiff company, according to which 2 miles were completed in 1902, and 3 miles in 1903.

No assessment was made of any part of the 12 miles of track in Bienville parish until the year 1912, when 7 miles of main track and one-half mile of side track were assessed against the plaintiff company. In 1913, for the first time, the entire 12 miles of main track and 1 mile of side track were assessed against the plaintiff.

We conclude that the last 3 miles of main track did not become taxable until the year 1914, and that the adjoining 2 miles did not become taxable until the year 1913.

There is some contention in the brief of counsel for the defendants that there is no evidence when the construction of the 12 miles of track in the parish of Bienville commenced.

The date of the commencement of construction is immaterial, if the roadbed was not "substantially completed," at the date of the adoption of the Constitution of 1898. See article 230. The evidence shows that the roadbed was under construction in the year 1900.

The further contention that plaintiff company was a private logging road or tramway is without merit.

The board of assessors in their answer do not deny that the plaintiff is a chartered and incorporated company, "but expressly denies that it was a common carrier of freight and passengers." The evidence shows that the plaintiff's railroad is of the standard gauge, and connects and interchanges freight and passengers with two regular lines of railroad at Sibley, in the parish of Webster.

Defendants' own witnesses testified that in 1901 plaintiff's road carried all the freight and passengers that could be obtained. The other defendants admitted that:

"The plaintiff is a chartered and incorporated railroad corporation, and that it is operating a railroad through Bienville parish."

The testimony of the superintendent leaves no doubt that the plaintiff is a common carrier of freight and passengers, and not a mere private logging road.

It was admitted that the plaintiff railroad was chartered on the ——— day of ———.

It is to be presumed that the charter contained the usual provisions relative to the organization and operation of railroads as common carriers.

Our conclusion is that the plaintiff is entitled to the following additional reductions of assessments:

| | | | | | |
|---|---|---|---|---|---|
| For 1913, 3 miles of main track | | | | | $12,000 |
| For 1912, 5 " " " " | | | | | 17,500 |
| For 1911, 5 " " " " | | | | | 17,500 |

[2] It is admitted that the plaintiff tendered to the tax collector the taxes for 1913 on 5 miles of main line and a half mile of side track, which plaintiff admitted to be due. We think that the tax collector should have received the amount tendered. See section 56, Act 170 of 1898.

The plaintiff contests the right of the tax collector to recover 10 per cent. attorney fees, as allowed by the judgment.

[3] Section 56 of Act 170 of 1898 reads in part as follows:

"That the attorney at law who represents the tax collector, or tax collectors in all proceedings for the reduction of assessments and collection of taxes (license taxes excepted), and in all injunction proceedings wherein the tax collector or tax collectors are sought to be restrained from the collection of taxes, shall receive a compensation of ten per cent. on the amount collected, calculating same upon the aggregate amounts of taxes and penalties so collected as the result of aforesaid proceedings."

Section 57 of the same statute allows the same rate of compensation to the attorney appointed by the Attorney General to aid the tax collectors in the parish of Orleans in the collection of all taxes, and to represent the tax collectors in all suits for the reduction of assessments.

While plaintiff's action may not be one for the reduction of assessments, it tends to the same result, and certainly involves the collection of taxes. Section 57, supra, makes it clear that the attorney is entitled to the statutory fee for aiding the tax collector in the collection of taxes.

It is therefore ordered that the judgment below be amended by reducing the assessment of 1913 by $12,000, and by reducing the assessments of 1911 and 1912 by $17,500 each, and by reducing the total amount of taxes on which attorney fees are allowed by the amount of taxes for the year 1913 tendered by the plaintiff to the tax collector; and it is further ordered that, as thus amended, the judgment below be affirmed.

On Application for Rehearing.

PER CURIAM. There is error in the judgment in so far as it requires interest at 10 per cent. per annum to be paid from the 1st of January, 1913, the year in which the assessment was made. The interest should run from the 31st of December, 1913. The decree is amended accordingly, and, as thus amended, is made the final decree herein.