### BRIGHT et al. v. STATE OF ARKANSAS.

(Circuit Court of Appeals, Eighth Circuit. April 2, 1918.)

No. 4961.

1. RECEIVERS ⬤⟹153—TAXES—PAYMENT.
    Where the property of a railroad company was operated by receivers, and the corporation, had it been operating the property, would have been liable for the franchise tax imposed by Laws Ark. 1911, p. 67, the receivers should be directed to pay such taxes accruing during the receivership.

2. COURTS ⬤⟹96(1)—PRECEDENTS—DECISIONS OF CIRCUIT COURTS OF APPEAL.
    In deciding questions of policy and practice involving no vital moral issue, certainty in the law and uniformity of decision are often more essential to the wise administration of justice than a particular policy, and where the correct decision of a question is doubtful, and one of the United States Circuit Courts of Appeals has decided it in a considered opinion, the others should follow that decision, unless it clearly appears to them, or some of them, to be unfair or unwise.

3. RECEIVERS ⬤⟹153—TAXATION—PENALTIES.
    Where the penalty due for nonpayment by a railway company of the franchise tax imposed by Laws Ark. 1911, p. 67, accrued within less than a ·month after receivers were appointed, and the state thereafter intervened before the penalty on the tax for the succeeding year had accrued, it is entitled to recover the penalties for both years.

---

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Western District of Arkansas; F. A. Youmans, Judge.

Petition by the State of Arkansas against R. C. Bright and J. E. Felker, as receivers of the Kansas City & Memphis Railway Company appointed in the case of Riley v. Kansas City and Memphis Railway Company. From a decree directing the receivers to pay certain taxes, with penalties, they appeal. Affirmed.

James F. Read and James B. McDonough, both of Ft. Smith, Ark., for appellants.

John D. Arbuckle, Atty. Gen., T. W. Campbell, Asst. Atty. Gen., and Hamilton Moses, Special Counsel, of Little Rock, Ark., for the State of Arkansas.

Before SANBORN and CARLAND, Circuit Judges, and TRIEBER, District Judge.

SANBORN, Circuit Judge. By Act 112 of the Acts of Arkansas of 1911, page 68, the state of Arkansas imposed an annual tax of $568, payable on or before August 10th, and an annual penalty of $142 for a failure to pay this tax by August 10th, on the Kansas City & Memphis Railway Company "for the privilege of exercising its franchise in the state of Arkansas" (sections 6 and 12), and provided that these taxes and penalties should be a first lien upon all the property of the corporation, whether employed by the corporation in the prosecution of its business, or in the hands of an assignee, trustee or receiver for the benefit of the creditors or stockholders thereof (section 14). On July 14, 1914, in a creditors' suit entitled Riley v. Kansas City & Memphis Railway Company, which owned and was operating a railroad in Arkansas, the court below appointed receivers, who took possession of and have since been operating the railroad of the defendant for the benefit of its creditors. In 1915 the state intervened in this suit, and prayed that the court would order the receivers to pay these franchise taxes for the years 1914 and 1915, and the penalties for the failure to pay them, and the court granted its request. This is the order challenged by the appeal.

[1, 2] The taxes in question are not taxes upon property. They are taxes for the privilege of exercising the power to do the business the corporation conducts in a corporate capacity, and if the question here presented were new the decision of the Supreme Court in United States v. Whitridge, 231 U. S. 144, 147, 149, 34 Sup. Ct. 24, 58 L. Ed. 159, to the effect that receivers were not required to pay the corporation tax for which the corporation would have been liable during the receivership in that case under the Corporation Tax Law (Tariff Act Aug. 5, 1909, § 38, 36 Stat. c. 6, pp. 11, 112–117), would have been persuasive by analogy, if not controlling. But the question whether or not receivers of the property of corporations should be required to pay the taxes accruing during the receivership against the corporations for the privilege of doing business in their corporate capacity, while the corporations can ordinarily do no business, has long been a subject of debate and of conflicting decisions. It is held that such re-

ceivers are not liable for, and ought not to be required to pay, such taxes in Johnson v. Johnson Bros., 108 Me. 272, 275, 276, 80 Atl. 741, Ann. Cas. 1913A, 1303, Johnson v. Monson Consolidated Slate Co., 108 Me. 296, 80 Atl. 750, State v. Bradford Savings Bank, 71 Vt. 234, 237, 44 Atl. 349, and Commonwealth v. Lancaster Savings Bank, 123 Mass. 493, 496, 497. On the other hand, it is held in a considered opinion by the Circuit Court of Appeals of the Ninth Circuit, in Coy v. Title Guarantee & Trust Co., 220 Fed. 90, 93, 135 C. C. A. 658, L. R. A. 1915E, 211, and by the great weight of modern authority, that courts of equity, operating the property and liquidating the debts of corporations, which would otherwise have been liable to pay such taxes, ought to direct the payment by their receivers of such taxes as would have accrued during the time the receivers were actually operating the property. Coy v. Title Guarantee & Trust Co. (D. C.) 212 Fed. 520, 524; Duryea v. American Woodworking Machine Co. (C. C.) 133 Fed. 329; Conklin v. United States Shipbuilding Co. (C. C.) 148 Fed. 129, 130; New York Terminal Co. v. Gaus, 139 App. Div. 347, 124 N. Y. Supp. 200; Philadelphia & Reading R. R. Co. v. Commonwealth, 104 Pa. 80, 86; Central Trust Co. v. N. Y. City, etc., Ry. Co., 110 N. Y. 250, 253, 257, 18 N. E. 92, 1 L. R. A. 260; New York Terminal Co. v. Gaus, 204 N. Y. 512, 517, 98 N. E. 11; 3 Thompson on Corporations (2d Ed.) § 2941; In re United States Car Co., 60 N. J. Eq. 514, 517, 43 Atl. 673.

In deciding questions of policy and practice which involve no vital moral issue, certainty in the law and uniformity of decision are often more essential to the wise administration of justice and to the interests of business men than a particular policy or practice. Where the correct decision of such a question is doubtful, and one of the United States Circuit Courts of Appeals has decided it in a considered opinion, it is the duty of the others to follow that decision, unless it clearly appears to them, or to some of them, to be unfair or unwise, and it is the duty of the courts at all times, in the consideration of such issues, to lean towards uniformity of decision and practice. In view of the uniform decisions of the federal courts upon the question here at issue, and of the great weight of authority in favor of the practice they have adopted, the conclusion is that receivers of the property of corporations, which would have been liable to pay taxes accruing during the receivership for the privilege of exercising their corporate powers, should be directed by the courts of equity controlling such receivers to pay such taxes as accrue while they are operating the property and before they surrender it to purchasers or others, and that there was no error in the order of the court below requiring the receivers to do so in the case in hand.

[3] Counsel for the appellants contend that, even if the court below was right in directing the payment of the taxes, it was in error in ordering the receivers to pay the penalties. It is true that there have been decisions that, where taxes are not paid, it is the duty of the state, or of the collector, to intervene in the court controlling the receivers, and to pray that court to order them to make the payments, and that where that duty is neglected for a long time, and many pen-

alties accrue meanwhile, the state or the collector is not entitled in equity to the payment of such penalties. Blakistone v. State, 117 Md. 237, 83 Atl. 151. But in the case before us the state intervened on May 28, 1915, set forth the fact that the franchise tax of 1914 became due on or before August 10, 1914, was not then paid, and $142 penalty accrued upon that day; that the tax of 1915 would fall due on or before August 10, 1915, and if not paid by that date another penalty of $142 would become due; and prayed for an order for the payment of these taxes and penalties. There was no failure of duty to apply for the payment of the tax of 1915, some months before the penalty for the failure to pay accrued, and the same considerations, founded on the weight of authority and the desirableness of uniformity of decisions, sustain the order of the court below for the payment of these penalties. Coy v. Title Guarantee & Trust Co. (D. C.) 212 Fed. 520, 524, 525; Coy v. Title Guarantee & Trust Co., 220 Fed. 90, 93, 135 C. C. A. 658, L. R. A. 1915E, 211; First National Bank v. Ewing, 103 Fed. 168, 188, 190, 43 C. C. A. 150; Gray v. Logan Co., 7 Okl. 321, 54 Pac. 485, 487.

There was, in our opinion, no error in the order of the court requiring the penalties which accrued for the failure to pay these franchise taxes to be paid out of the earnings or proceeds of the property of the corporation which came to the hands of its receivers under the order of their appointment, and the judgment below is affirmed.