BRIGHT et al. v. STATE OF ARKANSAS et al.

(Circuit Court of Appeals, Eighth Circuit. April 2, 1918.)

No. 4932.

1. TAXATION ⬤⟹843—PENALTIES—RECEIVERS.

Real property of an insolvent railway company, taxable as such under Kirby's Ark. Dig. §§ 6941, 6942, 6945, cannot escape penalties attaching for nonpayment, because the entire property of the company was in the hands of receivers appointed under order of the court to take possession of the property for the benefit of creditors.

2. COURTS ⬤⟹366(6)—DECISIONS OF STATE COURTS—AUTHORITY.

As the decisions of the highest state courts concerning state statutes are conclusive on the federal courts, in the absence of any question of commercial law or of right under the Constitution or statutes of the United States, a decision of the highest state court concerning state statutes regarding tax penalties is conclusive on the federal courts.

Appeal from the District Court of the United States for the Western District of Arkansas; F. A. Youmans, Judge.

Petitions by the State of Arkansas and others against R. C. Bright and J. E. Felker, receivers of the Kansas City & Memphis Railway Company, appointed in the case of Riley v. Kansas City & Memphis Railway Company. From a decree directing the receivers to pay certain taxes, with penalties, they appeal. Affirmed.

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

James F. Read and James B. McDonough, both of Ft. Smith, Ark., for appellants.

Troy Pace, of Harrison, Ark., and W. A. Dickson, of Bentonville, Ark., for appellees.

Before SANBORN and CARLAND, Circuit Judges, and TRIE-BER, District Judge.

SANBORN, Circuit Judge.  This is a companion case to No. 4961, of like title (249 Fed. 950, —— C. C. A. ——), in which the opinion is filed herewith.  Reference is made to the opinion in that case for a more general statement of the facts and of the reasons for the conclusion in this case.  Upon intervening petitions of the state of Arkansas, the county of Washington, and the collector of Benton county in Riley v. Kansas City & Memphis Railway Company, the court below ordered its receivers to pay the taxes for the years 1913, 1914, and 1915, and the penalties for failure to pay those taxes which accrued upon the railway company's property for the use and benefit of the state of Arkansas, of the two counties, and of certain municipalities and subdivisions thereof.  Conceding the legality of the order for the payment of the taxes the receivers, by an appeal, challenge that part of the order which directs them to pay the penalties, upon the grounds (1) that receivers operating the property of a defendant railway company are not liable for the penalties imposed by state statutes for the failure to pay the taxes lawfully levied upon that property, and that the only proper method of collecting the taxes is by petition to the court which is in possession of the property, and not by the threat or imposition of penalties for failure to pay them; and (2) that if the receivers ought in equity to pay the penalties in this case the court erred in adjudging the amount thereof to be 25 per cent. of the taxes levied when it should have limited that amount to 10 per cent. thereof.

[1]  Much the larger portion of the property of an operating railroad company is ordinarily real estate, and the statutes of the state of Arkansas declare that for the purposes of taxation in that state the whole railroad of a railroad company, including all side tracks, switches, and turnouts, the entire right of way, and everything of any character whatever, situated upon such right of way or appurtenant to the railroad, which adds to the value of such railroad as an entire thing, is real estate, and is required to be listed, valued, described, and sold as such.  Kirby's Digest of the Laws of Arkansas 1904, §§ 6941, 6942, 6945.

It is the settled rule now that after the property of an insolvent corporation is taken into the possession or dominion of a court for the benefit of its creditors, and while it is held by the court for that purpose, a legal sale of it cannot be made without the permission of that court for the purpose of enforcing payment of taxes or penalties upon it.  Wiswall v. Sampson, 14 How. 52, 14 L. Ed. 322; Barton v. Barbour, 104 U. S. 126, 26 L. Ed. 672; In re Tyler, Petitioner, 149 U. S. 164, 13 Sup. Ct. 785, 37 L. Ed. 689; In re Eppstein, 156 Fed. 42, 84 C. C. A. 208, 17 L. R. A. (N. S.) 465; Dayton v. Pueblo County, 241 U. S. 588, 590, 36 Sup. Ct. 695, 60 L. Ed. 1190.  Counsel cite

the last case in support of their argument that the state, its municipalities, and subdivisions are not entitled to the penalties for failure to pay the taxes in this case; but that opinion does not sustain such a position. In that case the property had been sold for taxes to certificate holders while it was in custodia legis. The court held that the sales were void for that reason. The certificate holders sought reimbursement, not only to the amount which they paid for their invalid certificates and simple interest, but also for the higher rate of interest in the nature of a penalty provided by the laws of Colorado in case of a redemption from tax sales of land. The Supreme Court denied this excessive recovery on the ground that the sales under which they held the certificates were invalid.

But the penalties which the state, its municipalities, and subdivisions here seek are not invalid. They arose and fastened themselves as liens upon the real estate of the corporation, now in the hands of the receivers, by virtue of and in accordance with the statutes of the state, and, if the receivers and the creditors they represent are to have the benefit of that real estate, there is no better reason why they should escape the payment of the penalties than there is why an individual, who has been unable to pay his tax upon his homestead when due, should escape the payment of the legal penalty for that failure. The real property of an insolvent corporation is not relieved from the penalties lawfully attaching to it for failure to pay the taxes thereon by its seizure by receivers on the order of the court for the purpose of applying it to the payment of its debts, and there was no error in the direction of the court below that the receivers in this case pay the penalties imposed by the statutes of Arkansas upon the real estate of the corporation for the failure to pay the taxes thereon. First National Bank v. Ewing, 103 Fed. 168, 190, 43 C. C. A. 150, 173 (5th Circuit); Coy v. Title Guarantee & Trust Co., 220 Fed. 90, 93, 135 C. C. A. 658, 661, L. R. A. 1915E, 211, 218 (9th Circuit); Gray v. Logan County, 7 Okl. 321, 54 Pac. 485, 487; High on Receivers, § 394b, p. 508.

[2] Did the court below fall into an error in determining the amount of the legal penalties? It did if Act 415, p. 361, Public Acts of Arkansas 1911, now section 7069a, Castle's Supplement to Kirby's Digest of the Statutes of Arkansas, repealed sections 7083 and 7084 of Kirby's Digest. If it did not, the court committed no error. In Martels v. Wyss, 123 Ark. 184, 184 S. W. 845, the Supreme Court of Arkansas has held in a careful and exhaustive opinion that Act 415 had no such effect. As the decisions of the highest judicial tribunals of the states, determining the meaning and effect of the statutes of their respective states, are conclusive upon the federal courts, in the absence of any question of commercial law, or of right under the Constitution or statutes of the United States, nothing remains for this court to determine here, and the judgment below is affirmed.