McFARLAND, State Supervisor of Public Accounts, et al. v. HURLEY et al.

(Circuit Court of Appeals, Fifth Circuit. January 23, 1923.)

No. 3860.

1. Appeal and error ⬅️162(2)—Accepting payment of decree held not to bar appeal from adverse part.

Acceptance by state officers of taxes awarded by a decree *held* not to bar their right to appeal from that part of the decree which denied recovery of interest and penalty claimed.

2. Receivers ⬅️153—Property in hands of receivers subject to usual taxes.

Property in the hands of receivers should bear whatever tax burdens it would be subject to in the hands of the owners or litigants, including interest and penalties imposed by statute for failure to pay the tax when due.

Appeal from the District Court of the United States for the Western District of Louisiana; Geo. W. Jack, Judge.

On rule by W. N. McFarland, Supervisor of Public Accounts for the State of Louisiana, and another, against P. J. Hurley and others, receivers of the Gilliland Oil Company. From the decree, petitioners appeal. Reversed.

For opinion below, see Liberty Cent. Trust Co. v. Gilliland Oil Co., 279 Fed. 432.

W. M. Phillips, of Shreveport, La. (T. W. Nettles, of Coushatta, La., F. S. Craig, of Mansfield, La., and E. C. McClendon, of Homer, La., on the brief), for appellants.

A. B. Freyer, of Shreveport, La. (Wise, Randolph, Rendall & Freyer, of Shreveport, La., on the brief), for appellees.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. The Gilliland Oil Company was engaged in raising and severing oil in the state of Louisiana, and was so engaged in the months of April, May, and June, 1921. In July, 1921, said company was placed in the hands of P. J. Hurley, A. J. Satterwaite, and George O. Baird, as receivers, by the United States District Court for the Western District of Louisiana in the suit of Liberty Central Trust Co. v. Gilliland Oil Co., 279 Fed. 432.

The state of Louisiana enacted in the year 1920 an act known as the "Severance License Tax Law" (Act No. 31 of 1920), which required each company raising natural resources in Louisiana from land in said state to report every three months the quantity and value of said natural resources severed in said preceding three months and to pay a license of 2 per cent. of such value for the privilege and right to raise said resources from said lands in said state.

On July 1st, said Oil Company became obligated to pay by August 1, 1921, said 2 per cent. of the value of said product of April, May, and June, and, on default, the same carried 2 per cent. per month interest, besides 10 per cent. attorney's fees. The receivers refused to pay the said tax, interest, or attorney's fees, and further refused to make

---

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

any returns or pay any taxes for subsequent months, although they were continuing the business of raising oil from said soil.

A rule was brought by W. N. McFarland, as supervisor of public accounts for the state of Louisiana, and J. W. Coleman, as sheriff and ex officio tax collector of Claiborne parish, La. (herein styled plaintiffs), against said receivers, requiring them to make said returns and pay said taxes, penalties, and attorney's fees.

The receivers defended on the ground that the statute did not require receivers of a court (especially a federal court), severing natural resources to pay any severance license tax, and especially that they were not chargeable with interest and attorney's fees.

The District Court ordered them to return and pay said taxes, but held they were not liable for interest and attorney's fees, when the delay had been produced by the settlement of the legal question, raised in good faith by the receivers, of their liability for such tax. The taxes, without interest or attorney's fees, have been paid by the receivers to the plaintiffs, and this appeal is by plaintiffs from so much of said decree as denied to them interest and attorney's fees. No cross-appeal has been taken from the decree awarding the taxes.

[1] The receivers have moved to dismiss the appeal, on the ground that the plaintiffs have been paid and have received the principal sum of the taxes decreed to be paid to them. It is claimed that this payment and receipt estops plaintiffs from seeking to reverse so much of the decree as denied them interest and attorney's fees. We do not think that this position is sound, or that the receipt of the taxes adjudged against the receivers will prevent the further prosecution of an appeal taken to reverse a decree denying interest and attorney's fees claimed thereon.

Here was a tax which plaintiffs claimed, and which the court had ordered its receivers to pay. It therefore stood adjudged that they owed this much of the plaintiffs' demand. The parties were at issue as to interest and attorney's fees. There is no claim that any receipt in full of all claims for taxes, interest, and attorney's fees was asked or given, or that the receivers paid said admitted sums on any belief that they were thereby discharging all that plaintiffs claimed. The receivers had a right to pay said admitted sum to stop interest, and it was plaintiffs' duty to accept such partial payment. Sibley v. Currie, 137 La. 713, 69 South. 148; Morgan's Louisiana & Texas Ry. v. Aucoin, 140 La. 768, 73 South. 859; Liquidating Com'rs v. Marrerro, 106 La. 130, 30 South. 305. We think the appeal is not subject to be dismissed. Embry v. Palmer, 107 U. S. 3, 2 Sup. Ct. 25, 27 L. Ed. 346.

[2] We think the court was correct in holding that the receivers were liable for the severance taxes. They are custodians of the property for the benefit of the litigants, and the property in their hands should bear whatever tax burdens it would be subject to in the hands of the owners or litigants. Coy v. Title Guarantee & Trust Co., 220 Fed. 90, 93, 135 C. C. A. 658. L. R. A. 1915E, 211; Bright v. State of Arkansas, 249 Fed. 950, 952, 162 C. C. A. 148.

But we think the court erred in holding that the receivers were not liable for the interest and attorney's fees, which were made by the stat-

ute levying the tax a part of the sum due in the event of a failure to pay by the date of maturity.

The case does not fall within the equitable principle that, where the fund in the receivers' hands is insufficient to pay the principal, no interest is allowed on a claim against such fund. Thomas v. Car Co., 149 U. S. 95, 116, 13 Sup. Ct. 824, 37 L. Ed. 663. Here is a claim for taxes which is paramount to other claims. A part of said claim prescribed by the taxing statute is 2 per cent. per month and 10 per cent. as attorney's fees, where delay is made in payment. As was said of such interest and penalties in a well-considered case by the United States Circuit Court of Appeals for the Eighth Circuit:

"But the penalties which the state, its municipalities, and subdivisions here seek are not invalid. They arose and fastened themselves as liens upon the real estate of the corporation, now in the hands of the receivers, by virtue of and in accordance with the statutes of the state, and, if the receivers and the creditors they represent are to have the benefit of that real estate, there is no better reason why they should escape the payment of the penalties than there is why an individual, who has been unable to pay his tax upon his homestead when due, should escape the payment of the legal penalty for that failure. The real property of an insolvent corporation is not relieved from the penalties lawfully attaching to it for failure to pay the taxes thereon by its seizure by receivers on the order of the court for the purpose of applying it to the payment of its debts, and there was no error in the direction of the court below that the receivers in this case pay the penalties imposed by the statutes of Arkansas upon the real estate of the corporation for the failure to pay the taxes thereon. First National Bank v. Ewing, 103 Fed. 168, 190, 43 C. C. A. 150, 173 (5th Circuit); Coy v. Title Guarantee & Trust Co., 220 Fed. 90, 93, 135 C. C. A. 658, 661, L. R. A. 1915E, 211, 218 (9th Circuit); Gray v. Logan County, 7 Okl. 321, 54 Pac. 485, 487; High on Receivers, § 394b, p. 508." Bright et al. v. Arkansas, 249 Fed. 953, 955, 162 C. C. A. 151.

See, also, First National Bank v. Ewing, 103 Fed. 168, 188, 189, 43 C. C. A. 150; Coy v. Title Guarantee & Trust Co. et al. (D. C.) 212 Fed. 520; Spencer v. Babylon Railroad Co., 250 Fed. 24, 162 C. C. A. 196.

The decree of the District Court is reversed, and the case remanded for further proceedings in accordance with this opinion.