879 F.2d 862
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Michael R. HOLLERBACH, Plaintiff-Appellant,
v.
Thomas F. FAY; Margaret M. Fay, Defendants-Appellees.
 No. 88-1792.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 9, 1989.
Decided: July 13, 1989.
 
 James Douglas Moretz, for appellant.
 J. Allen Harrington, for appellee.
 Before K.K. HALL, Circuit Judge, HAYNSWORTH, Senior Circuit Judge, and DUPREE, Jr., Senior United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Michael Hollerbach appeals from an order of the district court which denied his motion to amend a judgment to include interest. In addition to his contentions that the contract and/or the law of North Carolina provides for an award of interest, he argues that his right to such an award survived his acceptance of a check for the full amount of the judgment which was "tendered in full payment" of such judgment. Finding that Hollerbach's acceptance of the payment extinguished any right which may have existed, we affirm.
 
 I.
 
 2
 Hollerbach, a general contractor, was hired by Thomas and Margaret Fay to construct a dwelling in North Carolina. Hollerbach is a North Carolina resident and the Fays reside in New York. The contract anticipated a price of $81,948, subject to additional costs. As construction progressed, additional costs were in fact incurred. Upon completion, the Fays paid only $87,468 of the $113,951 claimed by Hollerbach as being due under the contract. Hollerbach filed this diversity action claiming as damages the unpaid amount ($26,483). After a jury trial, a verdict was returned in Hollerbach's favor for $22,086 and judgment was entered for that amount on August 26, 1988. This order included a judgment against the Fays for costs of $2,407, but made no mention of interest.
 
 
 3
 On September 6, 1988, Hollerbach moved, under Fed.R.Civ.P. 59(c), for an order amending the judgment order to include an award of interest. By letter dated September 12, 1988, the Fays' lawyer sent Hollerbach's lawyer a check for $24,494.59, this being the full amount of the judgment, including costs. The letter enclosed with this check read as follows:
 
 
 4
 I am enclosing a check payable to Michael R. Hollerbach and you in the sum of $24,494.59. This check is tendered in full payment of all sums due under that certain Judgment in the above matter filed in the U.S. District Court for the Middle District of North Carolina.
 
 
 5
 The defendants will expect you to file a certificate of satisfaction in the U.S. District Court concerning the judgment, in accordance with applicable federal law.[1]
 
 
 6
 The motion to amend was denied by order entered October 18, 1988. The check for $24,494.59 was cashed on November 2, 1988.[2] Hollerbach appeals from the order denying his motion to amend to include interest.[3]
 
 II.
 
 7
 The Fays contend that Hollerbach's acceptance of the check under the terms of the letter constituted a complete settlement of his claims; Hollerbach counters that he had an affirmative duty to accept the proffered payment in order to halt the running of post-judgment interest. In the single opinion cited in support of this proposition, however, no similar conditions were attached to the proffer of payment. McFarland v. Hurley, 286 F. 365 (5th Cir.1923). It would be inimical to the interests of judicial economy to discourage such settlements between parties. Hollerbach had no duty to accept the payment under the conditions posited by the Fays and he cannot now complain that the payment was something less than full satisfaction of the judgment. Finefrock v. Kenova Mine Car Co., 37 F.2d 310, 314 (4th Cir.1930); Kaiser v. Standard Oil Co. of N.J., 89 F.2d 58, 59 (5th Cir.1937).
 
 
 8
 Because this issue is completely dispositive of this appeal, we do not reach the issues concerning if and when interest began to accrue. The judgment below is affirmed.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 During oral argument, Hollerbach's lawyer conceded that he telephoned the Fays' lawyer after receiving the letter and that his request for a waiver of the condition contained in the letter was refused
 
 
 [2]
 On November 7, 1988, Hollerbach filed a certificate of partial satisfaction of judgment
 
 
 [3]
 After notice of appeal was filed on November 17, 1988, the Fays filed a motion in the district court for leave to supplement the record to include a copy of the cancelled check as well as an affidavit from their lawyer. On December 22, they filed a motion with this Court to dismiss the appeal or, alternatively, to stay the appeal pending a decision by the lower court on their motion to supplement the record. The district court granted the motion to supplement on February 6, 1989, and an order was subsequently entered by this Court denying only the motion for a stay. The motion to dismiss is also denied